DODGE, *Adm'r*, v. LEAVITT.

A declaration by a debtor to his creditor that there is but a small sum
due to him, but offering to pay $107.30 if he would take it in full
settlement; and a declaration to the creditor on a subsequent occasion
that "he wanted the matter fixed up, and was willing to pay him what
he owed him, and was owing him some $13 or $14, and would pay
him;" and a declaration to the creditor on a later occasion, that "he
would pay him what was his due, and calculated that he had done
so,"—are evidence of a new promise to pay no more than $13 or $14,
and are not sufficient to take the case out of the statute of limitations
beyond that amount.

ASSUMPSIT, for services of the plaintiff's intestate.   Plea, the
general issue and the statute of limitations.   Replication, a new
promise.   Facts found by a referee.

October 7, 1872, the defendant wrote a letter to Dr. Winch, the
plaintiff's intestate, claiming that there was but a small sum due,
but offering him $107.30 if he would take that amount in full
settlement.   The offer was not accepted.   The defendant testified
as follows:   " In the summer of 1876 I met Dr. Winch at the depot

in Whitefield. He told me he wanted the matter fixed up. I told him I did too, and was willing to pay him what I owed him. He said he would have everything all right. I told him at that time that I was owing him some $13 or $14, and would pay him." A short time before the death of Dr. Winch, in 1877, the defendant told him that he would pay him what was his due, and that he calculated he had done so.

On this evidence the referee found that there was due from the defendant $19 and interest from the date of the writ, not barred by the statute; and if the letter and evidence were sufficient to take the claim out of the statute, the plaintiff should have judgment for $176.62 and interest from the date of the writ.

*Ladd & Fletcher*, for the plaintiff.

*Whidden*, for the defendant.

SMITH, J. There was no admission in the defendant's letter that there was anything due beyond a small sum, and only a conditional offer to pay $107.30. He could make overtures for a settlement to avoid litigation, without being prejudiced thereby. But the admission of an independent fact, made during a treaty of compromise, would be admissible in evidence against him. The offer contained the distinct admission that a small sum only was due. No new promise can be found from his letter. 1 Gr. Ev., s. 192; *Exeter Bank* v. *Sullivan*, 6 N. H. 124, 132; *Weare* v. *Chase*, 58 N. H 225.

So of the conversation of 1876. The declaration and offer of the defendant are to be taken together. A part cannot be detached from the rest, and a promise inferred. The defendant's admission, that he was willing to pay what he owed, was qualified by the further declaration that he was owing only some $13 or $14. There was no new promise to pay beyond that sum.

In the conversation of 1877 there is an apparent inconsistency in the declaration of the defendant that he would pay what was due, and calculated that he had done so; but he meant that while he was willing to pay what was due, he was satisfied that he had already done so, and therefore was unwilling to pay anything further.

Upon this view of the evidence, the question argued by the plaintiff's counsel,—whether the promise of the defendant to pay what was due would take the case out of the statute so far as to enable the plaintiff to recover what he should prove to be due, as held in *Eastman* v. *Walker*, 6 N. H. 367,—does not arise, because the promise of the defendant was qualified by the assertion that only a certain sum was due.

There is no evidence of the defendant's acknowledgment of his liability or willingness to pay more than $13 or $14. Whether

this sum is included in the $19, found due by the referee, can be determined by agreement or otherwise at the trial term.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.