PICKERING v. DeROCHEMONT.

NUTTER v. SAME.

An auditor's report, made in the original suit, is admissible as evidence on a trial of the same action on review.

Statements of account, furnished by a guardian to his former ward, admitting a certain amount to be due and denying any greater liability, are admissible on the question of a new promise by the guardian to pay the amount thus admitted to be due, but not of a new promise to pay a larger sum.

Interest is recoverable from a guardian as damages for the detention of money due the ward, and which the guardian withholds.

ASSUMPSIT, for money had and received. Pleas, the general issue and the statute of limitations. Replications: I, that the cause of action accrued within six years; II, a new promise within six years. The actions were tried, on review, before a referee, who, subject to exception, admitted in evidence the report of the auditor made in the original suits.

The only evidence of a new promise was contained in statements of account furnished by the defendant to the plaintiffs, showing a balance due them. The plaintiffs had objected to the accounts furnished, desired explanation, and claimed a larger balance than the defendant admitted; and the defendant replied that he was ready to correct errors, and would pay the plaintiffs what was their due, but he denied owing more than was shown by the statements. The defendant objected that the statements were not evidence of a new promise.

The referee allowed the plaintiffs interest on the amount found due at five per cent. until the plaintiffs became of age, and at the

rate of six per cent. afterwards. There was no evidence that the defendant agreed to pay interest, or that he received it.

*Batchelder*, with whom were *Rollins* and *A. R. Hatch*, for the defendant.

The auditor's report was not admissible. The statute authorizing its use as evidence is in derogation of the common law, and should be construed strictly. *Wendell* v. *Abbott*, 43 N. H. 68, 73; *Dwelly* v. *Dwelly*, 46 Me. 377; *Melody* v. *Reab*, 4 Mass. 473. The legislature is presumed to have intended what it said where the words are plain and unequivocal. *Bailey* v. *Rolfe*, 16 N. H. 247; *Concord R. R.* v. *Greely*, 17 N. H. 47, 63; *Wood* v. *Adams*, 35 N. H. 36. The words " such trial," as used in the statute, refer to the trial by jury in the original suit. A review is a new action. *Camp* v. *Hilliard*, 58 N. H. 42; *Page* v. *Brewster*, 58 N. H. 126. The statute provision, that the review shall be tried as if no judgment had been rendered .therein, cannot be made to apply if the auditor's report is admitted as evidence.

The statements of the account were inadmissible as evidence of a new promise. They were merely unaccepted offers of compromise. The promise, if any, was a naked promise; and if the statements were evidence, they were only evidence of a new promise to the amount stated, and not of the whole amount claimed to be due. *Badger* v. *Gilmore*, 33 N. H. 361; *Batchelder* v. *Batchelder*, 48 N. H. 23; *Weare* v. *Chase*, 58 N. H. 225.

The plaintiffs were not entitled to interest, there being no specific agreement to pay interest.

*Smith* and *Frink*, for the plaintiffs.

STANLEY, J. The statute provides that " upon the return of the report of an auditor a jury trial may be had at the election of either party, and on such trial the report shall be given in evidence subject to be impeached by either party." Gen. Stats., *c.* 212, *s.* 8. The defendant contends that the report is not evidence for either party on the trial of the action on review; that the phrase " on such trial " relates to the trial elected on the return of the report. In the statute giving the right of review, the provision is that the action shall be tried as if no judgment had been rendered (Gen. Stats., *c.* 215, *s.* 9); and this applies to all trials on review commenced by writ, or where the action is brought forward on motion. It is immaterial whether the action of review is regarded as a new action or not; it is to be tried as if no judgment had been rendered, as if there had been a trial and a disagreement of the jury, or the verdict had been set aside, and it is conceded that in such cases the report is evidence. When the case has been sent to an auditor and the report has been returned, it is, by the stat-

ute, evidence which may be used on the trial before the jury if either party elect such trial. The phrase " on such trial " refers to the jury trial which the parties are entitled to after the return of the report, and this includes the trial upon review. *Pollard* v. *Verbeck*, 16 N. H. 435; *Stalbird* v. *Beattie*, 36 N. H. 455. An auditor's report as evidence stands much like depositions taken to be used on the first trial of an action, and the uniform practise has been to use them on all trials of the same issue between the same parties, whether the trial is before the jury, or referees, or on review. The fact that they were not taken to be used on the particular trial on which they were offered has never been regarded a valid objection to their admissibility.

In the hearing before the auditor, both parties have an opportunity to be present, to cross-examine the witnesses, and to be heard by themselves and their counsel. Why, then, should not the report be evidence on any trial between the same parties on the same issue? Why should the parties be subjected to the expense of a second trial before a new auditor? No satisfactory reason can be assigned.

*Page* v. *Brewster*, 58 N. H. 126, is not in point. There the court were called upon to construe the agreement of the parties, and the question was what the parties understood and intended by it.

The statements of the accounts furnished by the defendant were competent on the question of a new promise. They tended to prove that the defendant admitted that there was something due, which he was willing to pay. *Brown* v. *Latham*, 58 N. H. 30; *Dodge* v. *Leavitt*, 59 N. H. 245.

The referee reports that there was no material evidence to support a new promise aside from that furnished by the defendant's written statements. This being the case, the plaintiffs are not entitled to judgment for any greater sum than the defendant admitted to be due and expressed a willingness to pay. To these sums there should be added interest at the rate computed by the referee. *Peirce* v. *Rowe*, 1 N. H. 179; *Gordon* v. *West*, 8 N. H. 444; *Knowlton* v. *Bradley*, 17 N. H. 458.

*Case discharged.*

CLARK, J., did not sit: the others concurred.