## PAGE *v.* BREWSTER.

A review is a new action; and if the parties in the original suit make an agreed case "for the purposes of this suit," it will not be evidence in a jury trial of the review.

REVIEW, of the case reported in 52 N. H. 52, and 54 N. H. 184. The question reserved is, whether the agreed case, stated in 52 N. H. 52, is evidence in a jury trial of this review. In 54 N. H. 184, it was decided that the agreed case was evidence of the facts stated in it, not only for the purpose of obtaining a decision of the questions of law arising upon it, but for all purposes to the close of the suit.

*Hatch* and *Page*, for the plaintiff.

*Hackett* and *Frink*, for the defendant.

BINGHAM, J. The agreement of the parties as to the facts stated in the agreed case was, that they were agreed "for the purposes of this suit." The admissibility of the agreed case, as evidence in this action of review, must depend upon the point whether it is the original suit, or a new action. If it is the original, it is admissible. If it is a new action, it is not admissible. The word "suit," in the connection in which it is used in the agreed case, means the same as action. The two words are synonymous. *Badger* v. *Gilmore*, 37 N. H. 457, 458.

It is the settled law in this state, that the defendant's right of review is, in effect as well as in form, a mere right to bring a new action to recover, in the shape of damages, what they allege has been wrongfully taken from them in the original suit. *Knox* v. *Knox*, 12 N. H. 352, 358; *Badger* v. *Gilmore*, before cited; *Andrews* v. *Foster*, 42 N. H. 379; *Bell* v. *Bartlett*, 7 N. H. 180; *Sanford* v. *Candia*, 54 N. H. 419; *Zollar* v. *Janvrin*, 49 N. H. 117; *Plumer* v. *Fogg*, 18 N. H. 559; *Camp* v. *Hilliard*, *ante*, p. 42.

It is like the right of the plaintiff to bring the original action, which was not a suit or an action till proceedings were commenced. A suit is the formal method of preserving a right, not the right itself. When judgment was obtained in the original suit, it was at an end, save the right of review. If that right had been allowed to slumber till barred by the statute, litigation of the subject-matter in issue would have ceased, being barred by the judgment already rendered. But these defendants brought their action of review to preserve their statutory right to recover what they allege has been wrongfully taken from them in the original suit. It is a new action, and the agreed case is not evidence in a jury trial of the same.

*Case discharged.*

DOE, C. J., and FOSTER, J., did not sit.