438 F.2d 1177
 UNITED STATES of America, acting For and On Behalf of SMALL
BUSINESS ADMINISTRATION, Plaintiff-Appellant,
v.
Gertrude J. PALAKOW, as Executrix of the Estate of Marshall
J. Palakow, Belvedere Investment Corporation, a
Wisconsin Corporation, and Manuel Levin,
Defendants-Appellees.
 No. 17867.
 United States Court of Appeals, Seventh Circuit.
 Jan. 27, 1971.
 
 David J. Cannon, U.S. Atty., Milwaukee, Wis., William D. Ruckelshaus, Asst. Atty. Gen., Robert V. Zener, William D. Appler, Attys., Dept. of Justice, Washington, D.C., for plaintiff-appellant.
 Robert L. Hersh, Harry Lensky, A. L. Skolnik, Emil Hersh, Arthur Magidson, Milwaukee, Wis., for defendant-appellee Gertrude J. Palakow, as executrix of the estate of Marshall J. Palakow.
 Before DUFFY, Senior Circuit Judge, and KILEY and FAIRCHILD, Circuit judges.
 KILEY, Circuit Judge.
 
 
 1
 The government has appealed from the district court's judgment[1] dismissing its suit for an accounting to the Small Business Administration (SBA) by reason of defendant Palakow's alleged conversion of SBA's interest in a dissolved corporation. The court decided the suit was barred and dismissed the suit. We reverse and remand.
 
 
 2
 On September 30, 1959 SBA made a loan to Zitron Brothers Corporation upon the application of Manuel Levin. Levin guaranteed payment of the loan, pledging his twenty-five shares of stock in the Belvedere Investment Corporation as collateral. The remaining seventy-five shares of the Belvedere stock was held by defendant Marshall Palakow, who, with Levin, was an officer and director of Belvedere for the entire period relevant to this suit.
 
 
 3
 On February 11, 1963 Palakow filed, pursuant to Wisconsin law, a Statement of Intent to Dissolve Belvedere. The affairs of Belvedere were subsequently wound up by Palakow, without notice to SBA, and the assets were sold, with Palakow retaining the entire proceeds of the sale. On April 28, 1964 SBA foreclosed its lien on, and purchased at auction, the twenty-five shares of Belvedere stock it held as pledge. On May 4, 1964 Palakow filed the requisite Articles of Dissolution of Belvedere. This suit was commenced on August 22, 1966.
 
 
 4
 The government's complaint alleged that defendants Palakow and Levin had breached certain fiduciary duties owed by them as officers and directors of Belvedere to SBA as shareholder and that defendant Palakow had willfully and fraudulently converted SBA's rightful share of the proceeds of the liquidation of Belvedere.
 
 
 5
 Both Levin and Palakow answered relying on the bar of Section 180.787, Wis.Stat.[2] Palakow's answer also denied his 'specific knowledge' of the pledge of Belvedere stock and stated that when he filed the Intent to Dissolve, and thereafter, Levin certified that he was the owner of the stock and Palakow had no contrary information and relied upon the certificate in winding up Belvedere's affairs. Palakow further answered that he had no knowledge or reason to believe that SBA had any Belvedere stock interest and denied any wrongdoing.
 
 
 6
 The district court dismissed the government's suit on the ground that the action was barred by the two year limitation of Section 180.787. The basis of the court's decision was that SBA's suit did not charge 'personal tortious conduct' directly against Palakow and Levin individually, but charged conduct 'related and integral' to Belvedere's affairs. This finding presents the main issue before us.
 
 
 7
 The government's complaint, in paragraph 13, charges Palakow and Levin[3] with negligent and willful violation of their fiduciary duties, as directors and officers of Belvedere, 'to (SBA) to exercise utmost good faith to safeguard the interests of (SBA) and to effect distribution to (SBA) of its distributive share of the assets of the corporation upon dissolution.' Paragraph 14 of the complaint alleges a failure on the part of Palakow and Levin to comply with their duty, as officers and directors, to require SBA to surrender its certificate of stock, prior to dissolution. Paragraphs 15 and 16 allege seqarately that Palakow willfully and fraudulently converted SBA's rightful share of the proceeds of the liquidation of Belvedere. Both parties have treated the separate paragraphs as stating one cause of action, with paragraphs 13 and 14 alleging the manner and means by which the conversion, alleged in paragraphs 15 and 16, took place. This theory of the claim was accepted by the district court, and we shall also accept it.
 
 
 8
 We think the cause of action asserted is not subject to the bar of Section 180.787. The gravamen of the complaint is that both Palakow and Levin were aware of SBA's interest in Belvedere stock[4] and that the two of them, acting as officers and directors, failed to distribute to SBA its share of the assets of the corporation, and that Palakow wrongfully converted SBA's share of the assets to his own use. We think this allegation states a cause of action not subject to the two year limitation of Section 180.787. The charge is by SBA not in behalf of, or for, Belvedere but for SBA itself and it properly alleges personal liability of Palakow as an individual. Lindeman v. Rusk, 125 Wis. 210, 229-230, 104 N.W. 119 (1905). See also 3 W. Fletcher, Cyclopedia Corporations 884, 1140-43; 18 Am.Jur.2d Conversion 127. The suit, being neither for nor against Belvedere, its shareholders or directors, is consequently not within the reach of Section 180.787.
 
 
 9
 Even if the claim were construed as being against a director qua director, it would not be barred by Section 180.787. The Illinois Supreme Court, construing Section 94 of the Illinois Business Corporation Act, which is almost identical to Section 180.787 here involved, held that an action against a director is not barred by the two year limitation of that section 'unless the liability imposed on the corporate director * * * (is the kind that) abates upon the dissolution of the corporation involved.' People v. Parker, 30 Ill.2d 486, 490, 197 N.E.2d 30, 31-32 (1964). The rationale for this holding is that the main purpose of Section 94 is to extend the life of the corporation for a two year period after dissolution so as to allow suits to be brought by and against the corporation which would ordinarily abate upon dissolution. Those suits which would not have abated upon dissolution are not covered by Section 94. We think that a Wisconsin court would construe Section 180.787 in a similar manner. See Security National Bank v. Cohen, 31 Wis.2d 656, 143 N.W.2d 454 (1966). Therefore, since Section 180.787 has no application in a suit against a corporate director unless that suit would have abated upon dissolution of the corporation in the absence of Section 180.787, and since, under Lindeman v. Rusk, supra, a claim alleging that a director has breached his fiduciary duty of taking possession of the assets of the corporation and distributing them to the shareholders after the payment of debts and has instead wrongfully appropriated these assets to his own use, may be brought after the existence of the corporation has terminated, Section 180.787 has no application to this suit.
 
 
 10
 We think the court erred in dismissing the complaint.
 
 
 11
 Reversed and remanded for further proceedings.
 
 
 
 [1]
 Jurisdiction is granted district courts in 28 U.S.C. 1345
 
 
 [2]
 Section 180.787 provides:
 The dissolution of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 2 years after the date of such dissolution.
 
 
 [3]
 The government does not contest the dismissal of the suit as to Levin, against who it has recovered on his guaranty, or as to Belvedere Investment Corporation, no longer in existence
 
 
 [4]
 This knowledge is alleged in Paragraph 13