**U. S. PLYWOOD–CHAMPION PAPERS, INC., a corporation, Plaintiff,**

v.

**PAN AMERICAN GYRO–TEX COMPA-NY, Ltd., an Illinois limited part-nership, Defendant.**

**No. 71 C 1291.**

United States District Court,
N. D. Illinois, E. D.

June 28, 1972.

**2**

David J. Krupp, R. Dickey Hamilton, Chicago, Ill., for plaintiff.

Myron Lieberman, Robert M. Newton, Lieberman, Levy, Baron & Stone, Irving Hoffman, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

Plaintiff here seeks an injunction against a demand for arbitration filed by the defendant, Pan American Gyro-Tex Company, Ltd. ("Pan American") on May 7, 1971, and declaratory judgment. The injunction will be granted. The Court's findings of fact and conclusions of law are contained in the following Memorandum Opinion.

The arbitration sought by defendant concerns disputes allegedly arising under an agreement between plaintiff, U.S. Plywood-Champion Papers, Inc. ("USP") and American Gyro-Tex Company, Inc. ("Gyro-Tex"). Pan American claims to be the successor and assignee of Gyro-Tex by reason of having acquired the assets of that corporation, which thereupon dissolved itself.

On November 5, 1965, USP and Gyro-Tex entered into a number of agreements. A sales agreement provided for the purchase by USP of its requirements of Gyro-Tex's products. It also contemplated the establishment by Gyro-Tex of a Los Angeles area plant as a source of supply for USP's West Coast sales division area. This agreement had a seven year term, and it was not assignable by either party without the written consent of the other.

A loan agreement provided for the making of loans totalling $1,200,000 by USP to Gyro-Tex for use in establishing Los Angeles and New York production facilities. This agreement obligated Gryo-Tex to establish a Los Angeles plant as quickly as possible and to use its best efforts to commence commercial production therein by June 30, 1966. The sales agreement gave USP the right to terminate it upon 30 days' written notice in the event of a default by Gyro-Tex under the loan agreement.

Gyro-Tex did not establish a plant in Los Angeles. In May of 1966 USP terminated its agreements with Gyro-Tex on the basis of Gyro-Tex's failure to establish a Los Angeles plant and its admission that it had no intention of doing so in the future.

In July of 1966 USP and Gyro-Tex entered into a new agreement but agreed that the new agreement would be without prejudice to any claims either might have under the November 5, 1966 agreements.

On February 28, 1968, the owners of Gyro-Tex, Armand White and Earl Spiro, entered into an agreement with American Gyro-Tex Company (now known as Pan American Gyro-Tex Company, Ltd., defendant herein) pursuant to which they sold all of the stock in Gyro-Tex to said company.

Neither Spiro nor White has an ownership interest in Pan American. Both are employed by it and manage its affairs. This 1968 agreement provides that each of the sellers is to receive 35 per cent of the net amount that may be collected by the buyer (Pan American) on account of any cause of action or claim that Gyro-Tex may have against USP. Spiro and White claim the other 30 per cent is a fund from which the partnership would pay income taxes on any recovery.

On February 29, 1968, Gyro-Tex filed a statement of intent to dissolve in Wisconsin, its state of incorporation, and executed an assignment of all its assets to Pan American. USP did not consent to this assignment. Gyro-Tex's articles of dissolution were filed on April 1, 1968.

On May 7, 1971 Pan American made its demand for arbitration. Plaintiff filed this suit to stay arbitration on the grounds that (1) there is no agreement

to arbitrate between the plaintiff and defendant; or (2) the agreement was extinguished two years after Gyro-Tex's dissolution by operation of Wisconsin law; or, if there is an agreement, it is barred by the (3) applicable statute of limitations, or (4) laches; or (5) the dispute herein does not come within the arbitration clause of the sales agreement.

The Court is unable to accept plaintiff's arguments denying the existence of an agreement to arbitrate and claiming that the present dispute does not in any event come within the arbitration clause. However, the Court does find that defendant's rights were extinguished by operation of Wisconsin law, and that it has been guilty of laches.

## I.

■ Plaintiff relies on Wis.Stat.Ann. § 180.787 which provides that actions by or against corporations, their directors, officers or shareholders on any right or claim existing prior to dissolution must be commenced within two years of dissolution. Although the section is titled "survival of remedies" it has been construed as an abatement statute which extinguishes rights rather than limiting remedies. United States for and on Behalf of Small Business Administration v. Palakow, 438 F.2d 1177, 1179 (7th Cir. 1971). Therefore, this issue is justiciable, not arbitrable. Halcon International, Inc. v. Monsanto Australia Ltd., 446 F.2d 156, 159 (7th Cir. 1971).

Pan American argues that the abatement statute does not apply because Gyro-Tex assigned its claim 30 days prior to filing its articles of dissolution, and there was no claim belonging to Gyro-Tex for the statute to extinguish. If accepted, this argument would reduce the statute to a nullity since Wisconsin requires distribution of corporate property prior to the filing of articles of dissolution. Wis.Stat.Ann. § 180.765(4). A similar argument was rejected in Gordon v. Loew's, Inc., 147 F.Supp. 398, 407–08 (D.N.J. 1956).

Whatever rights Gyro-Tex had and assigned to Pan American abated on March 31, 1970. Accordingly, Pan American's demand for arbitration was made too late and must fail.

## II.

■■ Even if Pan American's right to arbitration had not been extinguished, it would be barred by laches. The Court may consider the issue of laches here since it is extrinsic to the contract. See *Halcon, supra,* at 162–63. The question of inexcusable, unreasonable and prejudicial delay requires no fact-finding review of the entire contract and the transactions occurring under it. Neither Pan American nor White and Spiro present any excuse for waiting almost five years from the termination of the November 1965 sales agreement to demand arbitration.

Furthermore, USP has been prejudiced by this delay, since it might have asserted a counterclaim under the 1965 loan agreement; but this was extinguished on March 31, 1970 under the Wisconsin statute, Section 180.787, since Pan American as assignee is only subject to the liabilities of its assignor. Florida Bahamas Lines, Ltd. v. Steel Barge Star 800 of Nassau, 433 F.2d 1243 (5th Cir. 1970); Reese v. Sanitary District of Chicago, 272 Ill.App. 315 (1933).

Defendant will be permanently enjoined from proceeding with the arbitration demand it has made. Plaintiff will supply the Court with a draft order within 15 days of the date of this opinion. Costs will be taxed to the defendant.

It is so ordered.