Strafford
No. 7904

TERRI BEAUDOIN

v.

RAYMOND BEAUDOIN

PAMELA BEAUDOIN

v.

RAYMOND BEAUDOIN

May 9, 1978

*McManus & Johnson,* of Dover (*Anthony A. McManus* orally), for the plaintiffs.

*Michael & Jones,* of Rochester (*Ronald P. Indorf* orally), for the defendant.

BOIS, J.  Actions sounding in assumpsit and conversion to recover funds deposited in two individual savings accounts standing in the names of "Pamela Jean Beaudoin and Raymond Beaudoin, Jr., as joint tenants with rights of survivorship" and "Raymond Beaudoin, Jr., Trustee, Terri Rae Beaudoin, Beneficiary." Trial by the court, without a record, resulted in a verdict for each plaintiff. Defendant excepted to the granting and the denial of certain requests for findings of fact and rulings of law as well as to the denial of motions to set aside the verdicts and for new trials. All questions of law raised by the foregoing exceptions were reserved and transferred by *Mullavey,* J. We affirm.

Plaintiffs are the daughters of the defendant. Shortly after the birth of each plaintiff the defendant opened the savings accounts in question for them. The bank signature cards were signed only by the defendant, who never relinquished control of the passbooks during plaintiffs' minority. From time to time the defendant deposited certain monies into these accounts. In September 1969, the defendant and the plaintiffs' mother were divorced and custody of the minors was awarded to the mother. In December 1971, while the plaintiffs were still unemancipated minors, the defendant withdrew the balance of both savings accounts in question, retaining all funds so withdrawn for his own use. Actions to recover these monies were instituted; the court in awarding verdicts for the plaintiffs found that the funds "were in fact the funds of the plaintiffs and that they represented monies the plaintiffs had earned or which had been given to them by way of gift." The court also granted, among others, the following findings of fact. 1) "That the name of the Defendant appeared on such accounts merely as a convenience as with the usual parent-child, adult-minor type of bank account," and 2) "That the accounts and all moneys deposited to said accounts belonged to the defendant's children."

The defendant argues that the trial court erred in entering a verdict for the plaintiffs because "A parent is entitled to the earnings of

his unemancipated minor child." On appeal the defendant has abandoned his claim to that portion of the deposits that represents gifts to the children, but insists that parents are entitled to the earnings of minor children while the children are under their control. We do not agree that this bare premise is an accurate statement of our law.

It has long been the established law in this State that parents are entitled to the earnings and services of their unemancipated minor children. *Lessard v. Great Falls Woolen Company*, 83 N.H. 576, 145 A. 782 (1929); *Aldrich v. Bennett*, 63 N.H. 415 (1885); *Hillsborough v. Deening*, 4 N.H. 86 (1827). However, this common-law right is not absolute; it is correlative and contingent. "The right of the parents to the service and earnings of their minor children continues so long, during minority, as the latter remain under their control and are supported by them." *Lessard v. Great Falls Woolen Company*, 83 N.H. at 580, 145 A. at 785.

Because the parental right of service is contingent and correlative it is distinguishable from a vested property right and continues only so long as the parent retains custody *and continues to support his minor children.* Whenever the parent ceases to perform either of these functions his right to his minor child's services and earnings terminates. "The father is not to be considered as having an absolute right of property in the labor and services of his offspring. . . . Whatever right he has, it is but a qualified and contingent interest depending on their living with him and being maintained by him . . . [b]ut he has no present property in their future earnings except as coupled with the condition that he shall be burthened with their support when the earnings accrue." *Campbell v. Cooper*, 34 N.H. 49, 63–64 (1856). It should also be noted that "[T]he right to service . . . accrues to the parent who actually performs the duty. Whether the father or the mother or both have entitled themselves to compensating services of the minor is a question of fact." *Lessard v. Great Falls Woolen Company*, 83 N.H. at 581, 145 at 785–86.

In the instant case the trial court made no specific finding about which parent supported the plaintiffs. Rather, the court made only a general finding that the funds did in fact belong to the plaintiffs and not to the defendant. There being no transcript or record of the proceedings had in the trial court before us, our review is necessarily limited to the reserved case and the materials contained therein. We are bound by the findings of fact entered by the court unless they can be said to be erroneous; thus they will not be disturbed on

appeal. *Vittum v. New Hampshire Insurance Co.*, 117 N.H. 1, 369 A.2d 184 (1977). We must also assume that the trial court made subsidiary findings necessary to support its general ruling. *See State v. McCarthy*, 117 N.H. 799, 379 A.2d 1251 (1977). Given the posture of the evidence before us, we cannot as a matter of law hold that the court erred in its findings.

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.