Rockingham
No. 78-122

MBC, INC.

v.

DAVID C. ENGEL *& a.*

DOMINIC RADOCCKIA

v.

DAVID C. ENGEL *& a.*

VINCENT M. TESTA

v.

DAVID C. ENGEL *& a.*

January 12, 1979

*Burns, Bryant, Hinchey, Cox & Shea*, of Dover (*Paul R. Cox* orally), for the plaintiff.

*Hamblett & Kerrigan P.A.*, of Nashua (*Joseph M. Kerrigan* orally), for the defendants.

BOIS, J.   This case requires us to determine whether circumstances exist that would permit a dissolved corporation or its former shareholders to commence a suit or action after the statutory three-year corporation continuance period, RSA 294:98, has elapsed. We hold that they do not; therefore, we sustain in part and overrule in part defendants' exceptions.

The plaintiff corporation (hereinafter MBC) engaged in the manufacture and sale of modular building components and the general development of real estate, but was dissolved by the legislature on July 2, 1973. On June 25, 1976, MBC commenced a suit against the defendants herein in the United States District Court for the District of New Hampshire based on an alleged violation of the Civil Rights Act, 42 U.S.C. § 1983 (1970), as well as seven separate theories in tort: abuse of process, trespass, conversion, interference with prospective economic gain, intentional interference with contractual relations, intentional

interference with advantageous business relationships, and invasion of privacy.

The United States District Court dismissed MBC's suit on September 20, 1976, holding that there was neither a federal question satisfactorily alleged nor diversity of citizenship. The United States Court of Appeals for the First Circuit affirmed the dismissal on March 31, 1977.

On January 24, 1977, while the federal appeal was still pending, MBC and two former stockholders acting in their individual capacities filed in Rockingham County Superior Court the actions that are the subject matter of this appeal. The suits or actions are substantially identical to the suit dismissed in federal court, differing only in that they lack the allegation of a civil rights violation even though jurisdiction to hear § 1983 suits lies in a State court. *New Times, Inc. v. Bd. of Regents*, 110 Ariz. 367, 374, 519 P.2d 169, 176 (1974); *Brown v. Pitchess*, 13 Cal. 3d 518, 523, 531 P.2d 772, 775, 119 Cal. Rptr. 204, 207 (1975).

The Superior Court (*Bean,* J.) denied defendants' motion to dismiss MBC's action, rejecting the argument that because the three-year corporate continuance period provided for by RSA 294:98 had expired, MBC did not have capacity to bring suit. The court ruled that MBC had capacity to bring suit under both RSA 294:98 (corporation continuance statute) and RSA 508:10 (limitation of actions saving statute). The court granted defendants' motion to dismiss the actions of the former shareholders who were suing in their individual capacities, but indicated that it would have denied the motions if it had found that MBC did not have capacity to bring suit.

The defendants excepted not only to the court's denial of their motion to dismiss MBC's action, but also to the court's conditional granting of their motions to dismiss the actions of the individual plaintiffs. Therefore, we must address both the question of the dissolved corporation's capacity to sue and the former shareholders' capacities to sue as individuals.

I. *Capacity of the Dissolved Corporation*

The New Hampshire corporation continuance statute provides that corporations

> continue as a body corporate for the term of 3 years, for the
> purpose of prosecuting and defending suits by or against it
> ... provided that for the purpose of any suit or action by or

against any such corporation, pending at the end of said term of 3 years, such corporation shall continue as a body corporate until 90 days after final judgment or decree in such suit or action.

RSA 294:98 (Supp. 1977).

■　MBC argues that because this court has taken a liberal attitude when interpreting limitation periods, we should liberally construe the corporation continuance statute. *See, e.g., Raymond v. Eli Lilly & Company*, 117 N.H. 164, 371 A.2d 170 (1977) (limitation period does not begin to run until plaintiff discovers cause of action). MBC incorrectly equates the corporation continuance statute with the statute of limitations. The corporation continuance statute expands rather than limits the rights and remedies of dissolved corporations. The dissolution of a corporation at common law terminated its legal existence for all purposes, prohibiting it from suing or being sued and abating all pending proceedings to which it was a party. *Gary Furniture & Appliance Co. v. Skinner*, 288 Ala. 617, 264 So. 2d 174 (1972); *Nelson v. Miller*, 212 So. 2d 66 (Fla. App. 1968); 2 AMERICAN BAR FOUNDATION, MODEL BUS. CORP. ACT ANN. § 105 ¶2, Comment (2d ed. 1971).

■■　Without statutory authority for prolongation, the life of the corporation would not continue even for purposes of litigation. Strict construction of the corporation continuance statute is required because matters concerning corporation continuance upon dissolution affect "the fundamental law of the corporation enacted by the State which brought the corporation into being." *Oklahoma Natural Gas Co. v. Oklahoma*, 273 U.S. 257, 260 (1927) (Taft, C.J.); *see Alexander v. Casco Music Systems, Inc.*, 323 N.E.2d 912 (Mass. App. (1975)); *Boston Towboat Co. v. Medford Nat'l Bank*, 228 Mass. 484, 117 N.E. 928 (1917); 16A W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 8144 (rev. ed. 1962).

The words "suit" and "action" are synonymous, *Page v. Brewster*, 58 N.H. 126 (1877), but do not mean the same as "cause of action," which is the underlying right that is preserved by bringing a suit or action. *Id.*

■　MBC has argued, and the superior court has held, that because the "suit or action," RSA 294:98, filed in State court after the statutory three-year corporation continuance period had elapsed, is identical to the one brought in federal court within the three-year period, it is the same "suit or action" brought initially. We reject this reasoning and hold that the State court suit is a separate and distinct action from the federal suit or action. Therefore, the suit is barred by RSA 294:98

because the corporation existed only with respect to the federal suit which was "pending at the end of said term of 3 years."

■ Our reasoning reflects the sound judgments reached by other courts that have interpreted corporation continuance statutes. *See Litts v. Refrigerated Transport Co., Inc.*, 375 F. Supp. 675 (M.D. Pa. 1973); *Smith-Johnson Steamship Corp. v. United States*, 231 F. Supp. 184 (D. Del. 1964). We deem that the policy of New Hampshire's corporation continuance statute is to insure that there is "a definite point in time at which the existence of a corporation and the transaction of its business are terminated." *Bishop v. Schield Bantam Co.*, 293 F. Supp. 94, 96 (N.D. Iowa 1968). "The policy behind the statute is favored over the ends of particularized justice." *Litts, supra* at 678. To allow lawsuits involving a dissolved corporation to commence in contravention of a clearly expressed legislative policy would thwart the orderly process of corporate dissolution conceived by that policy. It would "produce a continuous dribble of business activity contrary to the intent of the winding up provisions of the statute." *Bishop v. Schield Bantam Co., supra* at 96.

■ The superior court upheld MBC's second argument based on *Adams v. Sullivan*, 110 N.H. 101, 261 A.2d 273 (1970), that the limitation of actions saving statute, RSA 508:10, permits it to maintain its present action. We disagree. This savings statute provides that a plaintiff who brings a suit based on a cause of action before the statutory limitation period expires, and has his lawsuit dismissed on grounds other than an adverse determination upon the merits of the claim after the statutory period has elapsed, may bring a new suit on the same cause of action within one year after the dismissal, even though the statute of limitations for the underlying cause of action has run. RSA 508:10. Since we have held that MBC lost all legal capacity at the moment its federal action was dismissed, RSA 294:98, and that the State suit is a separate and distinct *suit or action*, it follows that it may not benefit from the extension period provided by the savings statute. MBC is defunct; therefore, it has no standing in the courts. *Christensen v. Boss*, 179 Neb. 429, 138 N.W.2d 716 (1965).

II. *Capacity of the Former Shareholders*

Since the defendants have also excepted to the superior court's conditional granting of their own motion to dismiss the former shareholders suing in their individual capacities, we must determine whether the dismissal was proper. Both the superior court judge, in the reserved case, and plaintiff's counsel, on brief and in oral argu-

ment, have indicated their belief that if MBC were found to lack capacity to bring suit, the former shareholders would succeed to the cause of action. We disagree.

■ The legislature has provided a precise and orderly scheme for the winding up of dissolved corporations' affairs. RSA 294:98. The corporation continuance statute exclusively controls matters concerning dissolved corporations. If we were to allow rights to be asserted by representatives of a corporation subsequent to the continuance period, RSA 294:98 would be meaningless. *U.S. Plywood-Champion Papers, Inc. v. Pan American Gyro-Tex Co.*, 345 F. Supp. 1 (N.D. Ill. 1972).

We will not permit the corporation continuance statute to be circumvented by allowing former shareholders to assert expired rights of a defunct corporation after the statutory period has elapsed. The expired right is no more enforceable in the former shareholders' possession than it is in the defunct corporation's. Note, *Corporate Dissolution—Survival of Remedy*, 23 Mo. L. Rev. 82, 84 (1958). New Hampshire's corporation continuance statute mandates the public policy of this State regarding the status of dissolved corporations. All remedies available to either the corporation or the shareholder may be enforced only during the statutory continuance period. The former shareholder has no greater rights than the defunct corporation. *Gordon v. Loew's Inc.*, 147 F. Supp. 398 (D.N.J. 1956); *accord, U.S. Plywood-Champion Papers, Inc. v. Pan American Gyro-Tex Co.*, 345 F. Supp. 1 (N.D. Ill. 1972); *Fleischer v. W.P.I.X. Inc.*, 30 Misc. 2d 17, 213 N.Y.S.2d 632 (Sup. Ct. 1961).

■ Plaintiff's counsel argues that equity and justice demand the allowance of a remedy and assumes that the corporation's expired rights are revived in the former shareholders. We reject the basic underpinning of plaintiff's assumption. On these facts, we hold that equity will not intervene. *See* Miller, *The Status of Choses in Action of Dissolved But Unadministered Corporations After Expiration of the Statutory Period for Winding Up*, 9 MISS. L. REV. 455, 478 (1937).

MBC's former shareholders cannot maintain the present action because the statutory corporation continuance period expired before the action was brought.

*Exceptions sustained in part and overruled in part; case dismissed.*

All concurred.