Hillsborough
No. 80-236

ROBERT W. FORTIER & a.

v.

RONALD A. BARRETT & a.

January 28, 1981

*Keefe & Keefe*, of Wilton (*John M. Keefe* orally), for the plaintiffs.

*Charles E. Dibble*, of Contoocook, by brief and orally, for the defendants.

GRIMES, C.J.  The question in this action to recover the balance due on a contract to buy real estate is whether the evidence compelled a verdict for the plaintiff. We hold that it did not.

On June 27, 1974, the defendants signed a contract in which they agreed to purchase the plaintiffs' "home located on Main Street, Contoocook, New Hampshire, for the amount of forty-two thousand dollars." The terms set forth called for $1,000 down, $26,000 to be paid in monthly installments, which included interest and taxes,

and a $15,000, six-month interest free, note. There was also a provision that if an action for damages which the defendants then had pending was not concluded within six months, "interest would be calculated at 7-3/4 per cent, payable at [the] time . . . [the defendants' action] is concluded or by other arrangement."

It appears that the defendants took possession of the premises in the summer of 1974 and made the required payments until October 1975, when Mrs. Barrett vacated the house. Mr. Barrett left the next month, November 1975. No further payments were made. The plaintiffs sold the house in 1976, and in November 1978, after the defendants had recovered damages in their pending action, brought this action for damages for breach of contract. The matter was tried before *Goode*, J., without a jury, resulting in a verdict for the defendants. The plaintiffs appealed.

■ There is no transcript of the trial court proceedings. The burden of demonstrating that the evidence compelled a verdict in the plaintiffs' favor is therefore a heavy one. *See Appeal of Anderson*, 120 N.H. 749, 751, 422 A.2d 1043, 1045 (1980). In the absence of a transcript, we are confined to the record before us. We may, however, imply findings which are necessary to support the verdict, at least when there are no contrary findings. *State v. McCarthy*, 117 N.H. 799, 801, 379 A.2d 1251, 1252 (1977); *see Beaudoin v. Beaudoin*, 118 N.H. 325, 328, 386 A.2d 1261, 1263 (1978).

■ It is unclear from the trial court's decree whether the court found that there was an agreement to purchase the plaintiffs' property. A resolution of this question is not required, however, because the court denied the plaintiffs' request for a finding that the defendants had breached the alleged agreement. Furthermore, although it appears to be undisputed that the defendants vacated the house and made no more payments, the interrogatories answered by the defendants suggest that there had been a mutual rescission or abandonment of the contract. This finding of mutual rescission or abandonment which we can imply, taken in conjunction with the trial court's refusal to find that the defendants had breached the alleged contract, is sufficient to support the verdict below. "Given the posture of the evidence before us, we cannot as a matter of law hold that the court erred" in finding for the defendant. *Beaudoin v. Beaudoin*, 118 N.H. at 328, 386 A.2d at 1263.

*Affirmed.*

All concurred.