Merrimack
No. 80-282

LARRY J. SMALL

v.

THE ZONING BOARD OF ADJUSTMENT AND
THE BOARD OF SELECTMEN OF THE TOWN OF NEWBURY

March 16, 1981

*Donald A. Ingram*, of Hanover, by brief and orally, for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*J. Gilbert Upton* on the brief and orally), for the defendants.

BOIS, J. This is an appeal from the granting of the defendants' motion to dismiss by the superior court. On May 31, 1980, the Master (*Linda Stewart Dalianis*, Esq.) recommended that plaintiff's appeal from a decision of the Newbury Board of Adjustment be dismissed without prejudice because it was premature. The Superior Court (*DiClerico*, J.) approved the recommendation and entered an order in accordance therewith on June 6, 1980. We affirm.

Early in 1979 the plaintiff, Larry J. Small, purchased the land in question. He alleges that at that time he discussed his plan for its development with the board of selectmen, who advised him of the need for a certificate of zoning compliance before a building permit could be issued. *See* Newbury, N.H., Building Code, Zoning Ordinances & Land Subdivision Controls with amendments, Building Regulation, Art. III, A, Art. IX, A, Zoning Regulation, Art. IV, E, Art. VIII, A (1978).

In late 1979, Small began excavation on the tract. By letter dated December 13, 1979, the chairman of the board of selectmen notified him that he was in violation of RSA 155-E:2 (Supp. 1979) ("Permit Required") relating to local regulation of excavation. He was ordered to cease and desist all operations until he obtained a certificate of zoning compliance. The letter further advised that such a certificate would not be issued until he submitted to the planning board a written detailed outline of the proposed operation. The information provided in the outline "must include" descriptions and plans of all buildings, the number of persons to be accommodated by the proposed septic system, the nature of the activities to be carried on at the site, the hours of operations, provisions for parking, access and egress, and the necessary state approvals.

The record is silent as to what the plaintiff submitted to either the selectmen or the board of adjustment. In their brief, however, the defendants state that the plaintiff never met with the select-

men to fill out an application, but that he did leave a plan with the board of adjustment. In a letter to the board of adjustment, dated January 14, 1980, the selectmen requested that the board hold a hearing on the "amusement venture" proposed by Mr. Small. They stated, therein, that they were unable to determine whether the proposal constituted a violation of Art. IV, F of the town's zoning regulations, which provides that:

> "things that may be dangerous to the public health or safety, obnoxious, disturbing or annoying to the peace and comfort of the community are considered nuisances and therefore prohibited."

A public hearing was noticed by the board of adjustment and held on January 29, 1980. The plaintiff alleges that, without waiving his right to object to the legality of the procedure, he attended the meeting and discussed his plans for the property. The defendants allege that the chairman of the board of selectmen commented at the meeting that the selectmen had requested the hearing because they were unable to determine, from what little they knew of the proposed venture, whether the plaintiff's proposal would violate the nuisance provision of the zoning ordinance. The defendants also allege that the chairman stated that because the selectmen had not received a formal application for a certificate of zoning compliance, no action had been taken.

On February 6, 1980, the board decided that "[i]t is the opinion of the majority of the appointed members of the board that this amusement venture may be dangerous to the public safety, obnoxious, disturbing or annoying to the peace and comfort of the community thereby being considered a nuisance and therefore prohibited."

The plaintiff, without admitting that such a motion was required or that the action of the board in rendering a decision was legal, filed for rehearing. On March 5, 1980, the board, in a "decision on motion for rehearing," detailed the facts, set forth the bases for its findings and ruling, and denied the motion for rehearing. We cannot find in the materials before us that anything further transpired at the town level.

The plaintiff then filed a petition with the superior court requesting that it review the decision of the zoning board of adjustment and grant injunctive relief. The defendants filed a motion to dismiss, alleging that the appeal was premature because

at no time had the plaintiff applied to the selectmen of the town for a certificate of zoning compliance.

In arriving at her recommendation, the master found that:

> "[I]n the ambiguity surrounding the early relationship of the parties, no formal action was taken on plaintiff's either stated or implicit request for a certificate of zoning compliance. Accordingly, this appeal is premature and, therefore, dismissed without prejudice."

The plaintiff submits that the main question raised by the defendants' motion to dismiss was whether he had made application for a certificate of compliance. He interprets the "either a stated or implicit request" language of the master to translate into a finding that an application, of the type contemplated by the zoning regulation, Art. IV, E, had in fact been made. Relying on *Dearborn v. Town of Milford*, 120 N.H. 82, 86, 411 A.2d 1132, 1134 (1980), he argues that, to conform with our holding therein and because of the unreasonable delay in arriving at a decision, the selectmen must issue the certificate of compliance. We disagree.

■■ The trial court herein made no specific finding that an application had been made. Rather it made a general finding of ambiguity surrounding the relationship of the parties and that a stated (declared) or implicit (implied) request, rather than an application, had been made. Without a transcript our review is limited to the notice of appeal and the materials contained therein. *Beaudoin v. Beaudoin*, 118 N.H. 325, 327, 386 A.2d 1261, 1263 (1978). The findings entered by the court may not be said to be erroneous as a matter of law, and thus we will not disturb them. *Id.* at 327–28, 386 A.2d at 1263; *Vittum v. N.H. Ins. Co.*, 117 N.H. 1, 3, 369 A.2d 184, 186 (1977). "We must also assume that the trial court made subsidiary findings necessary to support its general ruling." *Beaudoin v. Beaudoin, supra* at 328, 386 A.2d at 1263.

On the basis of the record before us we cannot conclude that the court erred in granting the motion to dismiss.

*Affirmed.*

All concurred.