Merrimack
No. 81-346

DOWNTOWN ATHLETIC CLUB, INC.

v.

G. ARTHUR BROWN

July 7, 1982

*Upton, Sanders & Smith*, of Concord (*Gary B. Richardson* on the brief and orally), for the plaintiff.

*Charles E. Dibble*, of Contoocook, by brief and orally, for the defendant.

BATCHELDER, J.  The principal question involved in this appeal is whether the Downtown Athletic Club (hereinafter Downtown) can bring suit against the defendant for breach of a lease entered into

between the defendant and the Concord Athletic Club, Inc. (hereinafter Concord) on March 15, 1976. The defendant claims that Downtown has no standing to bring such an action because there was no privity between the parties. We hold that Downtown may bring the suit and affirm the ruling of the Master (*Peter V. Millham*, Esq.) who found for the plaintiff and whose report was approved by the Trial Court (*Temple*, J.).

The facts which give rise to this standing issue follow. In 1974, Monadnock Realty Corp. leased the second, third, and fourth floors of a building at 20 Pleasant Street in Concord to the Concord Athletic Club. On March 15, 1976, Concord sublet a portion of the premises to the defendant Brown. In April of the same year, Concord sold its equipment, consisting of exercise and sports equipment, to Downtown and on the same day sublet the third and fourth floors to Downtown. Downtown was permitted in the same agreement to use the name Concord Athletic Club, Inc. for a period of one year. On December 30, 1977, Downtown purchased all of the outstanding stock of Concord from its two shareholders. The master found that neither party to the December 30 transaction was aware that on July 15 of the same year the New Hampshire Legislature had dissolved the Concord Athletic Club for nonpayment of fees. The defendant paid the rent after December 30 by checks payable to Concord, which were negotiated by Downtown.

On May 25, 1979, the defendant sublet his portion of the premises to Juanita Rahmlow under an agreement wherein Rahmlow agreed to "assume and pay all rents that became due and payable under the lease agreement between Arthur Brown and the Concord Athletic Club." Downtown was not a party to this agreement. Rahmlow abandoned the premises in late August or early September. Shortly thereafter, Downtown padlocked the door to the sublet premises, and some time after, the defendant, either personally or through agents, entered the premises and removed equipment and fixtures. Their removal caused extensive damage to the premises. In March 1980, Downtown brought suit for damages arising from a breach of the lease between Concord and the defendant.

■■ RSA 294:98, *repealed by* Laws 1981, 557:2 (current version at RSA 293-A:106 (Supp. 1981)), provides that "any business corporation dissolved by act of the legislature shall nevertheless continue as a body corporate for a term of 3 years, for the purpose of prosecuting and defending suits by or against it and of gradually closing and settling its concerns and distributing its assets. . . ." The lease between Concord and Brown could be assigned, and, upon dissolution of the corporation, the interest of Concord in the lease

devolved to the two Concord stockholders who could, in turn, convey their interest to Downtown. *See Hampton v. Hampton Beach Improvement Co.*, 107 N.H. 89, 94, 218 A.2d 442, 446–47 (1966); *see also MBC Inc. v. Engel*, 119 N.H. 8, 13, 397 A.2d 636, 639 (1979). The master found that by selling their Concord stock to the plaintiff, the Concord stockholders intended to transfer all assets and liabilities to Downtown. Absent a transcript of the evidence before the master, we will affirm his findings and conclusions unless patently unlawful. *Bielagus & Martina v. Devine*, 122 N.H. 324, 325, 444 A.2d 540, 541 (1982); *Small v. Zoning Bd. of Adj., Town of Newbury*, 121 N.H. 226, 229, 427 A.2d 520, 522 (1981). It follows that, on December 30, 1977, when Downtown acquired the Concord stock from Concord's stockholders, it stood in the shoes of Concord with respect to its lease agreement with the defendant.

The defendant argues that a corporation which owns the common stock of another has no standing to sue in the name of the second corporation. He relies on *Kidd v. Traction Co.*, 72 N.H. 273, 288, 56 A. 465, 469 (1903); *In re Adolf Gobel, Inc.*, 80 F.2d 849, 851 (2d Cir. 1936) to support this proposition. The cases are inapplicable. *Gobel* and *Kidd* concern unliquidated corporations, whereas this case involves a suit after the corporation has been dissolved and its assets transferred.

██ The master found that, although the lease between Concord and the defendant contained only one renewal term expiring on March 28, 1978, the defendant continued to occupy the premises, and each party believed that it was bound by the terms of the lease. In the absence of the transcript of the testimony, we cannot say in this case that the master erred as a matter of law in finding a breach of the lease (when Rahmlow failed to pay rent), damages, and an award of attorneys' fees. *See Bielagus and Martina v. Devine*, 122 N.H. at 325, 444 A.2d at 541; *Small v. Zoning Bd. of Adj., Town of Newbury*, 121 N.H. at 229, 427 A.2d at 527. We will not consider the defendant's argument that the damage to the premises occurred after the expiration of the lease, because it was never argued before the master. *See Badr Export and Import, Inc. v. Groveton Paper Co.*, 122 N.H. 101, 103, 441 A.2d 1159, 1161 (1982).

*Affirmed.*

All concurred.