Merrimack
No. 81-274

KATHERINE J. BUXTON

v.

ESTHER GLENNON

July 14, 1982

*Hatfield & Bosse P.A.*, of Hillsborough (*Leigh D. Bosse* and *Margaret-Ann Moran* on the brief, and *Ms. Moran* orally), for the plaintiff.

*Paula T. Rogers*, of Concord, by brief and orally, for the defendant.

PER CURIAM. The issue in this case is whether the Master (*Robert A. Carignan*, Esq.), whose recommendation was approved by the Superior Court (*Temple*, J.), erred in finding that the defendant seller's title was unmarketable because it was clouded by an option to purchase which had previously been granted to a third party. We reverse.

On May 2, 1979, the parties executed a purchase-and-sale agreement concerning real estate in Henniker, New Hampshire. Conveyance of the property was contingent upon the buyer's obtaining financing. The Concord Savings Bank agreed that it would approve the buyer's application for a mortgage loan if she

produced an acceptable title abstract. When the buyer informed the bank that the seller had entered into a "lease with option to buy" with a Michael McLin in August 1976, it refused to finance the transaction on the ground that title was encumbered. Mr. McLin's lease term commenced on September 1, 1976, and ended on February 28, 1977, but he claims he was evicted by the defendant before the end of the lease term. Mr. McLin's option to buy, which had to be exercised in writing, expired thirty days after termination of his lease. The seller maintains that Mr. McLin did not exercise his option during this period but attempted to exercise it two years later, in 1979, when he learned that the property would be sold.

After she learned that the Concord Savings Bank would not approve her mortgage loan, the buyer sued for specific performance to get marketable title. As a remedy, the superior court, approving the master's recommendation, gave the buyer sixty days in which to obtain financing under the original sale terms; however, if the buyer failed to obtain such financing, the seller was given sixty days to remove the encumbrance. On June 10, 1981, the Superior Court (*Cann*, J.) responded to the seller's motion for clarification by ordering her to remove the encumbrance and to convey the property at the original price reduced by an additional $5,000, as an "accounting to the plaintiff for an increased mortgage interest rate . . . ." As an alternative, the court gave the seller the option of taking back a mortgage on the terms available to the buyer in May 1979, that is, a $17,600 loan to be paid over a period of thirty years at a 10.75% interest rate. From this order the seller appealed.

■■ Because there is no transcript, the only question before us is whether errors of law appear in the record. *Paine v. Paine*, 119 N.H. 874, 876, 409 A.2d 790, 791 (1979); *see Small v. Zoning Bd. of Adj., Town of Newbury*, 121 N.H. 226, 229, 427 A.2d 520, 522 (1981). We must assume that the master made subsidiary findings necessary to support his ruling. *Small v. Zoning Bd. of Adj., Town of Newbury*, 121 N.H. at 229, 427 A.2d at 522.

■■ In the parties' purchase-and-sale agreement, the seller agreed to provide the buyer with marketable title. Marketable title "is defined as a title 'free from reasonable doubt in law or in fact; . . . one which can be readily sold to a reasonably prudent purchaser or mortgaged to a person of reasonable prudence . . . [and one] free from any reasonable objection of a reasonable purchaser.' " *Belrose v. Baker*, 121 N.H. 48, 50, 426 A.2d 454, 456 (1981) (quoting *Paradis v. Bancroft*, 97 N.H. 477, 479, 91 A.2d 925, 926 (1952)). When a title is burdened by an option to purchase, the buyer may reject the title as unmarketable. 8A G. THOMPSON, COMMENTARIES ON THE

MODERN LAW OF REAL PROPERTY § 4484, at 505, 509 (Grimes ed. 1963). In this case, the trial court concluded that title was not marketable because Michael McLin's lease with option to buy constituted a cloud on the title.

Mr. McLin's option to buy expired thirty days after February 28, 1977. He was required to exercise it in writing, but such a writing, is conspicuously absent from the exhibits before us. There is no other evidence in the record that Mr. McLin timely exercised his option to buy the seller's property and prevented the option from expiring in 1977.

Nor do the findings of fact support the trial court's conclusion. The master granted the buyer's request for a finding that "McLin continues to demand the right to exercise said option." He denied the seller's request for a ruling of law that "no evidence was presented that the lessee, McLin, attempted to exercise the option" and denied her request for a finding of fact that "no evidence was presented by the plaintiff [buyer] that the lessor had been notified of McLin's intent to exercise his option [during the lease term and thirty days thereafter]." It is irrelevant whether Mr. McLin "attempted" to exercise the option or "continued to demand the right to exercise the option" if his demands were not timely; therefore, the first finding and ruling cannot justify the court's conclusion that Mr. McLin's option was a cloud on title when the conveyance took place. Although the court denied the third finding —that "no evidence was presented . . . that the lessor had been notified of McLin's intent to exercise his option"—he never affirmatively found that Mr. McLin had timely exercised the option in writing. Rather, he found an encumbrance for the following reasons:

> "There is evidence the owner [seller] and the option holder quarreled; that the tenant was removed before the expiration of the option and as such could have a claim under the terms of the option which would not expire until 1997. (RSA 508:2). . . . Michael L. McLin, who is not a party to this action, is a person who might successfully litigate and be found to have an interest in this property in dispute on the basis of the lease with option to buy dated August 28, 1976. . . . The evidence supports the [buyer's] position that title was not acceptable in a mortgage to a bank."

The master appears to have concluded that Mr. McLin, because he was wrongfully evicted by his lessor, could still claim a right to exercise the option, and that an action to enforce this claim

could be brought at any time within the twenty-year statute of limitations set by RSA 508:2. We fail to see, however, how eviction could give Mr. McLin such a claim. His option was to expire thirty days after expiration of the lease, and the only basis for finding that he might still have a claim under the option would be a conclusion that the eviction prevented the lease from expiring. We find nothing in the record or in law to support such a conclusion. If Mr. McLin had been wrongfully evicted, his remedy would be an action against his landlord, not an extension of his option to buy. *See* RSA 540-A:2, :3, :4 (Supp. 1981); 3 G. THOMPSON, *supra*, § 1135, at 493–94.

██ Because the court erred as a matter of law, the decision below must be reversed. *See Paine v. Paine*, 119 N.H. at 876, 409 A.2d at 791. Neither party is at fault nor has acted in bad faith, although both have been harmed by the delayed sale of the property. The loss, therefore, should be apportioned between the parties. The seller should convey her Henniker property to the buyer at the price set in the purchase-and-sale agreement, but she is not responsible for any increase in interest rates.

*Reversed and remanded.*