**SYRIAN ARABIAN OIL COMPANY, Individually, and formerly d/b/a Menhall Prospecting and Exploitation Company, Plaintiff-Appellant,**

v.

**SYRIAN ARAB REPUBLIC, Defendant-Appellee.**

No. 85–2735.

United States Court of Appeals, Seventh Circuit.

Argued April 9, 1986.

Decided May 29, 1986.

As Corrected May 30, 1986.

James W. Stanley, Pierce Stanley & Robinson, North Little Rock, Ark., for plaintiff-appellant.

Richard C. Shadyac, Metzger Shadyac & Schwarz, Washington, D.C., for defendant-appellee.

Before WOOD, COFFEY and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

The appellant, Syrian Arabian Oil Company, filed this action to recover $20,645,-621.08 as damages for the alleged nationalization of assets by the Syrian Arab Republic. The district court dismissed the suit. Its decision was based on a number of alternative holdings, including: the appellant's lack of capacity to sue, the district court's lack of subject matter jurisdiction, and improper venue. We agree that this action was properly dismissed. Accordingly, we affirm the judgment of the district court.

I

Menhall Prospecting and Exploitation Company (Menhall), a limited partnership organized under the law of Syria, was created for the express purpose of exploring for mineral deposits in that country. The appellant, Syrian Arabian Oil Company (the Company), was registered in the Syrian Register of Foreign Companies as one of Menhall's silent partners. The Company was a Delaware corporation established on December 21, 1955.

On May 17, 1955—six months prior to the Company's creation—the President of Syria granted Menhall twenty-eight liquid oil exploration permits. Relying upon these permits, Menhall allegedly made substantial investments and began its exploration operations. However, on September 29, 1958, the President of Syria cancelled the permits. In addition, the complaint alleges that Syria froze all of the Company's bank accounts and confiscated all of Menhall's property and equipment.

Seeking compensation for the nationalization of its assets, *Menhall* filed suit in the Third Civil Chamber in the Court of First Instance, Damascus. On December 15, 1971, the Syrian court rejected Menhall's claim. The Third Civil Chamber in the Appeal Court, Damascus, affirmed this decision in May 1980.

The Company, which was not the named plaintiff in the Syrian suit, filed the present action on July 3, 1984.[1] This action, like Menhall's Syrian action, seeks damages for Syria's alleged nationalization of the Company's assets. The district court dismissed the suit on a number of alternative grounds. First, the court held that the Company, a corporation which was dissolved on April 1, 1961, lacked "standing" to bring this suit. *Syrian Arabian Oil Co. v. Syrian Arab Republic*, No. 84 C 5645, Decision at 2 (N.D.Ill. Sept. 5, 1985). Second, assuming the Company's capacity to sue, the court held that the Company's complaint did not establish proper venue in the Northern District of Illinois. Finally, assuming that the proper venue could be

established by amending the complaint, the court held that this action could not be maintained under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–1611 (1976). This appeal followed.

## II

▮ We agree with the district court that the Company lacked capacity to bring this suit.[2] As noted above, the Company was a Delaware corporation which was dissolved on April 1, 1961. According to Delaware law, a dissolved corporation will continue to exist for only three years after the date of its dissolution for the purpose of prosecuting and defending suits. Del.Code Ann. tit. 8, § 278.[3] Thus, in this case, the Company's continued existence expired in April 1964.

The Company filed this action on July 3, 1984. At that time, its corporate existence had been extinguished for more than twenty years. Thus, in the absence of explicit statutory authority, the Company was without power to bring this suit. *See In re*

---

1. Although the appellee was tardy in filing its responsive pleadings in the district court, the court did not abuse its discretion by refusing to enter a default judgment against the appellee.

2. Additionally, even if the Company had the capacity to bring this suit, its action likely would have been barred by Illinois' statutes of limitation. In Illinois, the most generous of the potentially relevant limitation periods would be the ten-year limit for actions on written contracts. Ill.Rev.Stat. ch. 110, § 13–206. Since the Company's cause of action accrued in 1958, the statute's bar would have become effective in 1968—over fifteen years before this suit was filed in the district court.

   Moreover, there is no indication that Illinois would have tolled its statute of limitation during the pendency of the Syrian suit. In Illinois, limitation periods are usually tolled only when a statute specifically authorizes tolling. *See Illinois Bell Telephone Co. v. Allphin*, 60 Ill.2d 350, 326 N.E.2d 737 (1975). Yet, no Illinois statute appears to authorize tolling for situations where a suit has been filed in a foreign country. Therefore, it appears that the Company's action would have been barred.

3. The version of Del.Code Ann. tit. 8, § 278 which was in effect from 1961 through 1964 provided:

All corporations, whether they expire by their own limitation or are otherwise dissolved, shall nevertheless be continued, for the term of three years from such expiration or dissolution, bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock, but not for the purpose of continuing the business for which the corporation shall have been established. With respect to any action, suit or proceeding begun or commenced by or against the corporation prior to the expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by or against the corporation within three years after the date of the expiration or dissolution, the corporation shall, only for the purpose of such actions, suits or proceedings so begun or commenced, be continued bodies corporate beyond the three-year period and until any judgments, order, or decrees therein shall be fully executed.

This statute was amended in 1967. However, the amendments are not relevant to this appeal and would not produce a different result.

*Citadel Industries, Inc.,* 423 A.2d 500 (Del. Ch.1980). Since there is no pertinent Delaware statute which extends a corporation's life beyond the limits established in section 278, this action was properly dismissed.

■ The fact that an action was commenced in Syria does not affect our analysis. First, the Syrian suit was filed by Menhall, not the Company. Therefore, it is difficult to understand how the Company can now argue that the Syrian suit operated to extend *its* corporate existence. Second, even if the Company was able to show an identity between itself and Menhall, the Syrian suit would have no effect on this litigation. Section 278 continues a corporation's life beyond the three year period only for the limited purpose of completing actions which were already begun within three years of dissolution. Thus, assuming *arguendo* an identity between Menhall and the Company, under the plain wording of the statute, the Company would have been empowered to act beyond April 1964 only with respect to the Syrian suit. It could not file a distinct suit in another jurisdiction—even if the two suits were allegedly brought to enforce the same cause of action. *See generally MBC, Inc. v. Engel,* 119 N.H. 8, 397 A.2d 636 (1979) (construing New Hampshire's corporation continuance statute, N.H.Rev.Stat.Ann. § 294:28).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.