Belknap
No. 88-454

## Campbell Marine Construction, Inc.

### v.

### Town of Gilford

December 13, 1989

*Nighswander, Martin & Mitchell P.A.*, of Laconia (*Walter L. Mitchell* and *Stephen R. Kain* on the brief, and *Mr. Mitchell* orally), for the Town of Gilford.

*Rath, Young, Pignatelli and Oyer P.A.*, of Concord (*Paul Barbadoro* on the brief and orally), for Campbell Marine Construction, Inc.

JOHNSON, J.   This is a case of statutory interpretation. The Town of Gilford (Gilford) appeals the October 28, 1988 decision of the Superior Court (*Dickson*, J.) to reverse a Gilford Zoning Board of Adjustment ruling. The superior court held that Campbell Marine Construction, Inc. (Campbell Marine) could lawfully move a portion of its business to a parcel of land zoned "resort commercial." For the reasons stated below, we reverse.

Campbell Marine is a marine construction and salvage business. Its services include driving navigational piling in heavy boat traffic areas; construction and repair of breakwaters, dockage and retaining walls; dredging shallow areas of a lake to improve navigation; and salvaging sunken boats. The company's main office is located at Fay's Boat Yard (Fay's) on Lake Winnipesaukee, in Gilford's resort commercial zone. In Gilford's industrial zone, Campbell Marine operates a repair shop for the company's heavy

equipment. The company wants to move this repair shop to a building to be constructed on lakefront property recently bought by the company's sole shareholder, Robert Brown, and located next to Fay's. In addition, the company wants to utilize this property for storage and maintenance of the company's heavy equipment, spare parts, and building supplies, and for office space. Mr. Brown testified that Campbell Marine planned to continue using the docks leased at Fay's and that the corporation's employees would be transported to and from jobs from Fay's. Also, the Gilford town docks would continue to be used as the loading point for equipment onto construction barges.

The applicable zoning ordinance designates "resort commercial zone" as "land for tourism, supporting services and residential use." TOWN OF GILFORD REGULATIONS AND ORDINANCES (ORDINANCES), art. 2.1.4. More specifically, the ordinance permits marinas in the resort commercial zone and describes them as facilities for "[c]ommercial boat storage, launching, and other commercial use normally associated with boating." ORDINANCES, art. 4.3.10 and 4.7.3(j). Article 4.7 of the Ordinances cautions that the descriptions, such as the one above, "should not be interpreted as full definitions but rather as extensions, or examples of the permitted uses. . . ." Unfortunately, the ordinances do not specify whether a repair shop for a company's heavy construction equipment is permitted in the resort commercial zone. However, a "repair shop," described as a "[b]usiness for repair of small appliances, radios, televisions, office equipment, or similar use," is only allowed in the resort commercial zone by special exception granted by the Zoning Board of Adjustment. ORDINANCES, art. 4, 4.3.16, 4.7.3(p).

Campbell Marine argues that its proposed use of the new property would constitute "other commercial use normally associated with boating" and therefore should be permitted in the resort commercial zone. We disagree. "Because the [trial] court erred as a matter of law, the decision below must be reversed." *Buxton v. Glennon*, 122 N.H. 674, 678, 448 A.2d 420, 422 (1982) (citation omitted). We hold that Campbell Marine's proposed use does not fit into the ordinances' marina category.

In *Piecuch v. Manchester*, 114 N.H. 8, 11, 314 A.2d 642, 643–44 (1984), we stated, "The intent of an ordinance or statute is determined from its construction as a whole and not by separately construing isolated words or phrases." Viewed as a whole, article 4 of the Ordinances does not permit a construction company's heavy equipment repair shop to be located in Gilford's resort commercial zone. While Campbell Marine's shop is related to the boating

industry, we do not find a sufficiently direct connection between the repair shop and tourism to warrant inclusion of the shop in the resort commercial zone.

Campbell Marine argues that if a zoning ordinance is ambiguous, the ambiguity must be resolved in favor of the landowner. Since we find no ambiguity in the ordinance, there is no need to reach this issue.

Campbell Marine also maintains that Gilford failed to argue below that the trial court must base its decision solely upon the company's proposed business activities for the new parcel of land, and not upon the business activities the company performs off-site. Consequently, Campbell Marine asserts, Gilford should be barred from making this argument on appeal. We disagree. The trial court ruled that Campbell Marine's operations "are conducted on the water, under the water and at the water's edge," and that because "[s]ome of the equipment used is floating," it is imperative that Campbell Marine have a shoreline facility for the effective performance of its operations. Gilford argues on appeal that this ruling is misplaced, since none of the operations to be conducted from the new property require shore frontage. Gilford was not, however, required to raise this argument specifically below. The proposed use of a particular piece of property that is the subject of a zoning dispute is the heart of every land use case.

Last, Campbell Marine argues that Gilford's interpretation of the zoning ordinance arbitrarily excludes marine construction and salvage from the resort commercial zone in violation of the company's State constitutional right to equal protection under the law. In support of this argument, Campbell Marine points out that business offices, bowling alleys, dance halls, dry cleaners, and pharmacies are all permitted in the resort commercial zone. However, the equal protection doctrine mandates only that those who are *similarly situated* be similarly treated. *Belkner v. Preston*, 115 N.H. 15, 17, 332 A.2d 168, 170 (1975). All of the businesses listed above are permitted in Gilford's resort commercial zone by article four of the Ordinances; Campbell Marine's proposed use of the property in question is not. Moreover, a construction company's heavy equipment repair shop certainly is of a different character than a dance hall or a bowling alley in a *"resort-commercial"* zone. Campbell Marine's shop cannot be said to be "similarly situated" to the permitted businesses.

*Reversed.*

SOUTER, J., did not participate; the others concurred.