Merrimack County Probate Court
No. 84-543

*In re* ALFRED P.

June 17, 1985

*Stephen E. Merrill*, attorney general (*Stephen J. Judge*, attorney, on the brief and orally), for the State.

*Geiger & Heiser*, of Penacook (*Richard W. Heiser* on the brief and orally), for Alfred P.

SOUTER, J.   On October 5, 1984, a petition was filed under RSA 135-B:28 seeking the respondent's involuntary admission to New Hampshire Hospital. The petition alleged specific acts to demonstrate that the respondent's "mental condition as a result of mental illness [was such] as to create a potentially serious likelihood of danger to himself or to others," as required by RSA 135-B:28 and :26. The Merrimack County Probate Court (*Cushing*, J.) heard the petition on October 18, 1984. The State offered no evidence of specific acts other than those alleged, and the court dismissed the petition.

On October 24, 1984, the same petitioner filed a new petition for the respondent's involuntary admission, alleging different specific acts, said to have been committed on or after October 5, 1984, some of which were said to have been committed before the hearing on October 18. The respondent moved to dismiss this petition on grounds of res judicata and collateral estoppel. The court denied the motion and, after hearing, granted the petition. In this appeal the respondent argues that the probate court erred in failing to dismiss the second petition. We affirm.

■■  The doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action. *Scheele v. Village District*, 122 N.H. 1015, 1019, 453 A.2d 1281, 1283 (1982); see *MBC, Inc. v. Engel*, 119 N.H. 8, 11, 397 A.2d 636, 638 (1979) (cause of action is the underlying right). Collateral estoppel precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party. *Caouette v. New Ipswich*, 125 N.H. 547, 554–55, 484 A.2d 1106, 1111–12 (1984). The respondent argues that these rules preclude his involuntary admission based on any acts proven to have been committed after the date of the first petition but before the hearing on that petition. The argument is unsound.

■  Since no evidence of such acts was offered at the first hearing, these acts were not in any sense the subject of actual litigation at the first hearing. Collateral estoppel is therefore not applicable.

■ The applicability of res judicata may be questioned on several grounds. It is sufficient to note here that the doctrine has no application unless the cause of action is the same in each case.

■ We have described a cause of action generally as "the underlying right that is preserved by bringing a suit or action." *MBC, Inc. v. Engel, supra* at 11, 397 A.2d at 638. Under the involuntary admission statute involved here, the "underlying right" is the justification for the involuntary admission requested by the petitioner.

■ RSA 135-B:28 requires that an involuntary admission be justified by proof of mental illness and dangerousness as demonstrated by "specific acts or actions of the person sought to be admitted." *Id.* For purposes of res judicata, therefore, the cause of action is dangerous mental illness as demonstrated by the specific acts or actions alleged in the petition. That is to say, the cause of action is identified by reference to the specific acts alleged, and petitions alleging different acts state different causes of action. Since the two petitions in question here alleged different specific acts, they alleged different causes of action. The ruling on the first petition could not, therefore, be res judicata as to the second.

By the same reasoning, proof of acts different from those alleged in a given petition would be irrelevant, and the occurrence of such different acts therefore could not be litigated, under that petition. Hence, the acts alleged in the second petition in this case could not have been subject to proof or litigation under the first petition.

■ For each of these related reasons, the disposition of the first petition in question here had no preclusive effect on the litigation of the second petition under the principle of res judicata. The probate court therefore properly denied the motion to dismiss the second petition.

We note that nothing in this opinion is meant to suggest that a petition may not be amended to add further allegations of specific acts, provided that a respondent has adequate notice and opportunity to prepare for trial. We also note that we do not here decide whether or under what circumstances acts committed before the filing of an earlier petition may properly be alleged in support of a later one.

*Affirmed.*

KING, C.J., did not sit; the others concurred.