Merrimack
No. 85-243

WALDEN A. SUNDELL & a.

v.

TOWN OF NEW LONDON

March 3, 1986

*Orr & Reno P.A.*, of Concord (*Richard B. Couser* on the brief and orally), for the plaintiffs.

*Brown & Nixon P.A.*, of Manchester (*Frank E. Kenison* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

The Superior Court (*Cann*, J.) has transferred three questions, only the first of which need be answered: "Whether the Town is precluded by the doctrine of collateral estoppel from relitigating its liability to the present plaintiffs based upon inverse condemnation, or from relitigating those elements of a cause of action in nuisance that are also elements of inverse condemnation, for damages suffered by the plaintiffs after November 18, 1977, the date of verdict in *Sundell, et al v. New London*, Merrimack County Superior Court No. 16,891?" The answer is no.

In *Sundell v. Town of New London*, 119 N.H. 839, 409 A.2d 1315 (1979), the jury returned a general verdict for the plaintiffs following litigation of claims that the defendant was liable on theories of temporary nuisance and inverse condemnation for damage suffered from 1968 through November 1977. The plaintiffs rest the present action upon the same legal theories of liability, but they make claims for damage occurring after the verdict in the earlier action and continuing through to the present.

The plaintiffs argue that on the issue of liability this apparent factual difference is illusory, because in the prior litigation they established that the aquatic conditions on which liability rested would persist even after the date of the judgment. They point to the language of this court, that in the first trial "[t]here was evidence that . . . the lake would clear itself in about ten years. . . ." *Id.* at 843, 409 A.2d at 1317. Thus, the plaintiffs conclude, the only issue that may be litigated now is the extent of the damage caused by the persisting condition of the water.

The plaintiffs' argument is flawed, however. It assumes that evidence in the prior record indicating that certain conditions would persist after the verdict is somehow equivalent to a determination to that effect. There was no such finding expressed and none was necessarily implied by the prior judgment. On the contrary, the prior judgment presupposed only those facts sufficient to impose liability and award damages for the period prior to the 1977 verdict. Whatever evidence may or may not have been submitted in the first trial, the first judgment did not necessarily rest on any finding that the condition of the water after 1977 could not be different from its condition before that date, or that the causes of the pre- and post-

1977 conditions could not be different. Because the facts upon which liability must be established in the present action were not litigated and determined in the first action, the prior judgment raises no collateral estoppel to contest the liability asserted in the present case. *See In re Alfred P.*, 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985); *Morgenroth v. State*, 126 N.H. 266, 270, 490 A.2d 784, 786 (1985); *Caouette v. Town of New Ipswich*, 125 N.H. 547, 554, 484 A.2d 1106, 1111 (1984).

In holding that there is no estoppel we do not, of course, express any opinion about the admissibility of the prior judgment either to establish the condition of the water, or its causes, during the period preceding the verdict in the first action.

*Remanded.*

KING, C.J., and BROCK, J., did not sit; O'NEIL and GRAY, JJ., superior court justices, sat by special assignment under RSA 490:3.