Kenneth E. BLEVENS, Sr., et al.

v.

TOWN OF BOW, NH, et al.

Civ. No. 94–124–SD.

United States District Court,
D. New Hampshire.

Oct. 12, 1994.

John Laboe, Concord, NH, for plaintiffs.

Gary Richardson, Concord, NH, for defendants.

## ORDER

DEVINE, District Judge.

In this civil action, plaintiffs Kenneth E. Blevens, Sr., and his sons Christopher J. Blevens and Kenneth E. Blevens, Jr., seek injunctive relief, damages, and declaratory relief against defendants Town of Bow, the members of Bow's planning board, and its town planner. Plaintiffs' claims, which arise from certain land use disputes with defendants, include federal claims under 42 U.S.C. § 1983 and state law claims for slander of title and abuse of process.

Jurisdiction over plaintiffs' federal claims is alleged to exist under 28 U.S.C. §§ 1331 and 1343. Jurisdiction over plaintiffs' state law claims is alleged to exist under 28 U.S.C. § 1367.

Presently before the court is defendants' motion for summary judgment, to which plaintiffs object.

## Background

During the period of time relevant to the instant action, plaintiff Kenneth E. Blevens, Sr., was the owner of certain real estate in the Town of Bow, including three parcels of land on Putney Road, known as Putney Road Parcels 1, 2, and 3, or Tax Lots 26, 27, and 28, respectively. Between 1970 and 1977 Blevens completed a series of subdivisions and transfers of portions of the Putney Road parcels. Defendants contend that as a result of a 1977 subdivision the remaining portions of Putney Road Lots 27 and 28 were combined into a single lot.

In 1991 Blevens created a boundary line agreement purporting to define the common boundary line between Putney Road Lots 27 and 28. He then attempted to transfer Lots 27 and 28 to his sons by executing two warranty deeds.

Defendants challenged the legality of the boundary line agreement and the warranty transfers and demanded that Lots 27 and 28 be reconveyed to Kenneth E. Blevens, Sr. When plaintiffs refused to reconvey the land, the Town of Bow filed suit in Merrimack County Superior Court requesting that the court declare the boundary line agreement and the subsequent conveyances to be illegal and void.

In defense of this action, the Blevenses asserted, inter alia, that Lots 27 and 28 were separate and distinct parcels and that the Town of Bow had wrongfully consolidated the lots in 1977 when Kenneth E. Blevens, Sr., received approval of a subdivision plan affecting his Putney Road land.

In an order dated February 4, 1993, the superior court stated, inter alia,

After hearing and review of the exhibits the Court finds that the so-called boundary line agreement which purports to set the boundary between historic lots 27 and 28 at a line perpendicular to the original boundary line, and in effect redefines the lots' other boundary lines, is not a bound-

ary line agreement within the meaning of [New Hampshire Revised Statutes Annotated] RSA chapter 472, nor a lot line adjustment within the meaning of Bow Subdivision Regulations, Section II, I. The Court further finds that the purported creation of the boundary line, and conveyance of the newly redefined lots constitutes an illegal subdivision under RSA 672:14, I and Bow Subdivision Regulations, Section II, kk.

The Court finds an invalid boundary line agreement and an illegal subdivision without reaching the issues of whether an owner of contiguous lots has a right to enter into a boundary line agreement with himself, or whether historic lots 27 and 28 were consolidated due to defendant's alleged abandonment of the historic division between the lots. Such findings are not necessary to the Court's order in that the Court finds that the boundary line agreement cannot be valid under the facts of this case where the boundary line created has no relationship to that set forth in the original deeds.

*Town of Bow v. Blevens*, No. 92–E–370, slip op. at 1–2 (Merrimack Cty.Super.Ct. Feb. 4, 1993) (attached to Defendants' Motion as Exhibit E). The Blevenses appealed this decision to the New Hampshire Supreme Court, which, on August 31, 1993, summarily affirmed the decision of the superior court and denied the Blevenses' motion for summary disposition. *Town of Bow v. Blevens*, No. 93–145, slip op. (NH Supreme Ct. Aug. 31, 1993) (attached to Defenadnts' Motion as Exhibit G).

Kenneth E. Blevens, Sr., is also the owner of two parcels of land on River Road in Bow known as River Road Parcels 4 and 5. After acquiring these parcels, Blevens deeded Parcel 4 to third parties. Blevens alleges that the Town of Bow subsequently notified him "by letter dated April 2, 1992 … of its potential unilateral administrative action to combine, consolidate and/or merge (or treat as combined, consolidated or merged) the two River road parcels; in particular calling into question whether Plaintiff Kenneth E. Blevens, Sr. violated subdivision regulation by transferring River Road Parcel 4 separately." Complaint ¶ 17.

In this action, plaintiffs allege that they have "a legitimate claim of entitlement and property right to have the Putney Road parcels and the River Road parcels maintained as separate and discrete parcels," Complaint ¶ 40, and that the acts of the defendants in preventing plaintiffs from transferring the parcels separately constitutes a deprivation of plaintiffs' property rights without due process of law, Complaint ¶¶ 53–54.

## Discussion

### 1. Summary Judgment Standard

Under Rule 56(c), Fed.R.Civ.P., summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment is a procedure that involves shifting burdens between the moving and the nonmoving parties. Initially, the onus falls upon the moving party to aver " 'an absence of evidence to support the nonmoving party's case.' " *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986)). Once the moving party satisfies this requirement, the pendulum swings back to the nonmoving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986) (citing Fed.R.Civ.P. 56(e)). . . .

*LeBlanc v. Great American Ins. Co.*, 6 F.3d 836, 841 (1st Cir.1993).

In determining whether summary judgment is appropriate, the court construes the evidence and draws all justifiable inferences in the nonmoving party's favor. *Anderson, supra*, 477 U.S. at 255, 106 S.Ct. at 2513.

## 2. Res Judicata

■ Defendants contend that summary judgment should be granted as to plaintiffs' federal claims because said claims are barred under the doctrine of res judicata.

In applying the doctrine of res judicata to an action brought under 42 U.S.C. § 1983, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). *See also Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *Wong v. Smith*, 961 F.2d 1018 (1st Cir.1992).

Under New Hampshire law, "[t]he doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action." *In re Alfred P.*, 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985) (citing *Scheele v. Village Dist. of Eidelweiss*, 122 N.H. 1015, 1019, 453 A.2d 1281, 1283 (1982)). " 'The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action.' " *ERG, Inc. v. Barnes*, 137 N.H. 186, 191, 624 A.2d 555, 558 (1993) (quoting *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711–12 (1987) (quotation omitted)).

The court's "inquiry, when determining whether res judicata bars a subsequent action, is whether the second action constitutes a different cause of action from the first." *Shepherd v. Westmoreland*, 130 N.H. 542, 544, 543 A.2d 922, 923 (1988) (citing *Eastern Marine, supra*, 129 N.H. at 274, 525 A.2d at 712). Under New Hampshire law, "[t]he term 'cause of action' embraces all theories on which relief could be claimed arising out of the same factual transaction." *ERG, Inc. v. Barnes, supra*, 137 N.H. at 191, 624 A.2d at 558. *See also Shepherd, supra* (the term "cause of action" means " 'the right to recover, regardless of the theory of recovery. A theory of recovery therefore must be pleaded, or be subject to bar.' ")

In adopting this broad, modern definition of "cause of action," the New Hampshire Supreme Court stated that "[t]he central policy 'exemplified by the free permissive joinder of claims, liberal amendment provisions and compulsory counterclaims, is that the whole controversy between the parties may and often must be brought before the same court in the same action.' " *Eastern Marine, supra*, 129 N.H. at 274–75, 525 A.2d at 712 (citing *Williamson v. Columbia Gas & Electric Corp.*, 186 F.2d 464, 469 (3rd Cir.1950), *cert. denied*, 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951)).

The first action in this case, initiated by the Town of Bow, involved the legality of a purported boundary line agreement affecting Putney Road Lots 27 and 28 and the subsequent conveyances of the Putney Road lots divided by said agreement from Kenneth E. Blevens, Sr., to his sons in 1991. In defense of this action, the Blevenses contended that the Town of Bow had wrongfully consolidated Lots 27 and 28 in 1977.

The superior court found the 1991 boundary line agreement to be invalid and the 1991 conveyances to be illegal subdivisions, but did not reach the issues raised by the Blevenses regarding the allegedly wrongful consolidation of Putney Road Lots 27 and 28 in 1977. The court stated that "[s]uch findings are not necessary to the Court's order in that the Court finds that the boundary line agreement cannot be valid under the facts of this case where the boundary line created has no relationship to that set forth in the original deeds." *Town of Bow v. Blevens*, No. 92–E–370, slip op. at 2 (Merrimack Cty.Super.Ct., Feb. 4, 1993).

The findings of fact made by the superior court indicate that the court considered the 1977 consolidation and the 1991 boundary line agreement and conveyances to be two separate factual transactions. This court agrees that these two factual transactions, while both involve the Putney Road parcels owned by Kenneth E. Blevens, Sr., give rise to different "causes of action" as that term is defined by the doctrine of res judicata.

■ Further, the court finds that the state court action in question did not result in a final judgment on the merits of the cause of action arising out of the 1977 factual transaction. As a result, the section 1983 claims brought by the Blevenses in the instant action which relate to the 1977 consolidation of Putney Road Lots 27 and 28 are not barred by the doctrine of res judicata.

■ The court further finds that, to the extent plaintiffs' claims relate to the allegedly wrongful consolidation of their River Road property, said claims are not barred by the doctrine of res judicata since the River Road property was not at issue in the superior court action.

### 3. Procedural Due Process Claims

■ In Count I, plaintiffs allege that they have been deprived of their right to have their property maintained as separate and distinct parcels without due process of law. In Count II, plaintiffs allege that defendants' actions constitute a conspiracy to deprive them of their constitutionally protected property rights without due process.

Defendants contend that summary judgment should be granted as to plaintiffs' due process claim because plaintiffs have failed to make out a claim under 42 U.S.C. § 1983.

To establish a violation of section 1983, the plaintiff must prove (1) that " 'the conduct complained of' ... deprived the complaining party 'of rights, privileges or immunities secured by the Constitution or laws of the United States' " and (2) that such conduct " 'was committed by a person acting under color of state law.' " *Martinez–Velez v. Simonet*, 919 F.2d 808, 810 (1st Cir.1990) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); and citing 42 U.S.C. § 1983). Further,

[t]o determine whether a procedural due process violation has occurred, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure ... effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

*Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir.1994) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990)).

Lots 27 and 28 of plaintiffs' Putney Road property were consolidated into a single lot as the result of a 1977 subdivision plan approved by the Town of Bow. Subsequent to the approval of the 1977 subdivision plan, the Town of Bow updated its tax records to be consistent with the plan and "since 1977 Blevens has been taxed and billed for a single consolidated lot containing 32 acres." Affidavit of John Gilbert Upton at 2–3 (attached to Defendants' Motion).

The Bow Subdivision Regulations provide in relevant part,

Pursuant to RSA 677:15, any persons aggrieved by any decision of the Planning Board concerning a Plat or Subdivision or building permit may present to the superior court a petition, duly verified, setting forth that such decision is illegal or unreasonable in whole or in part, specifying the grounds upon which the same is claimed to be illegal or unreasonable.

Section XIII, Bow Subdivision Regulations (attached to Defendants' Motion as Exhibit B).

RSA 677:15, II, provides that upon presentation of a petition by an aggrieved person, the superior court "may allow a certiorari order directed to the planning board to review such decision...." In addition, the superior court "may reverse or affirm, wholly or partly, or may modify the decision brought up for review when there is an error of law or when the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is unreasonable." RSA 677:15, V.

Further, the Bow Planning Board has authority, under RSA 674:35, to regulate subdivisions. Utilizing the subdivision regulations adopted by the Town of Bow, plaintiff Kenneth E. Blevens, Sr., sought and obtained approval from the Bow Planning Board to

subdivide his Putney Road property in April and June of 1970, and again in 1977. That process remains available to him today.

The First Circuit "has repeatedly said that federal courts do not sit as a super zoning board or a zoning board of appeals." *Raskiewicz v. Town of New Boston*, 754 F.2d 38, 44 (1st Cir.), *cert. denied*, 474 U.S. 845, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985). The First Circuit has further held that where "the state offers a panoply of administrative and judicial remedies, litigants may not ordinarily obtain federal court review of local zoning and planning disputes by means of 42 U.S.C. § 1983." *Id.*

■ The court finds the administrative procedures governing land use disputes such as plaintiffs' and the judicial remedies available for erroneous deprivations of protected property rights to be constitutionally adequate.\* Accordingly, the court further finds that plaintiffs have failed to establish that they have been deprived of a protected property interest without adequate process.

Defendants' motion for summary judgment is granted as to the plaintiffs' procedural due process claim and as to their conspiracy claim, which is also based upon the purported violation of plaintiffs' procedural due process rights.

*4. State Law Claims*

■ Having granted defendants' motion for summary judgment with respect to all of plaintiffs' federal claims, the court, pursuant to 28 U.S.C. § 1367(c)(3), declines supplemental jurisdiction over plaintiffs' state-law claims. *E.g., Mercado–Garcia v. Ponce Fed. Bank*, 979 F.2d 890, 896 (1st Cir.1992).

*Conclusion*

For the reasons stated herein, the court (1) grants defendant's motion for summary judgment as to plaintiffs' federal claims and (2) dismisses plaintiffs' state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

\* Plaintiffs' failure to avail themselves of these administrative and judicial remedies does not turn

The clerk is directed to enter judgment accordingly.

SO ORDERED.

their land use dispute with the Town of Bow into a section 1983 claim.