Edwards v. Manchester Airport        CV-96-517-M    12/17/96
                    UNITED STATES DISTRICT COURT FOR THE

                          DISTRICT OF NEW HAMPSHIRE


Mark L. Edwards,
      Plaintiff,

      v.                                      Civil No. 96-517-M

City of Manchester;
Manchester Airport Authority;
and Alfred Testa, Jr., as Director
of Manchester Airport Authority,
      Defendants.


                             O R D E R


     Following unsuccessful litigation in state court to preserve

his aircraft tie-down space at the Manchester Airport, Mark

Edwards brought a civil rights action in this court seeking an

injunction to prevent the defendants from removing his airplanes.

This court denied temporary injunctive relief and directed

Edwards to show cause, in his response to defendants' motion to

dismiss, why his complaint should not be dismissed for lack of

subject matter jurisdiction.  Edwards has now responded and for

the reasons that follow, the case is dismissed.

     In his response, Edwards asserts that his complaint

describes several federal constitutional violations actionable

under 42 U.S.C.A. § 1983.  First, Edwards asserts that N.H. Rev.

Stat. § 422:17,[1] which preserves state sovereign immunity from liability for any damages caused by the operation of "air navigation facilities," violates his right to equal protection of the law under the Fourteenth Amendment to the United States Constitution.  Second, he seeks a declaration that § 422:17 violates the impairment of contracts clause, U.S. Const. art. I, § 10, cl. 1, because it operates to bar his tort claims, that in turn are allegedly based on the defendants' breach of contractual duties arising from the tie-down lease.  Third, he makes a claim that the defendants, by causing or contributing to the cause of damage to his airplanes, diminished the value of the aircraft and, in effect, took his property without providing him with just compensation in violation of the takings clause of the Fifth Amendment.  Fourth, he contends that the defendants have taken his aircraft without first affording him due process of law, in violation of the Fifth and Fourteenth Amendments.  Edwards also asserts related state law claims.

---

[1]  The statute provides as follows:
The construction, maintenance and operation of air navigation facilities is hereby declared a public governmental function, and no action or suit shall be brought or maintained against the state, or any county or municipality thereof, or its officers, agents, servants, or employees, in or about the construction, maintenance, operation, superintendence, or management of any air navigation facility.

The combined effect of the Rooker-Feldman doctrine and the res judicata doctrine precludes this court's consideration of Edwards's dubious legal claims. It is well-established under the Rooker-Feldman doctrine[2] that the inferior federal courts are without jurisdiction to review state court decisions and, as a corollary, lack jurisdiction to consider claims that are inextricably intertwined with review of those proceedings. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); Wang v. New Hampshire Bd. of Registration in Medicine, 55 F.3d 698, 703 (1st Cir. 1995). Federal claims are inextricably intertwined with a state proceeding (even if precisely the same claims were not raised previously in state litigation) if the party had an opportunity to raise those claims in state court, and if resolution of the claims in federal court would effectively provide a form of federal appellate review of the

_____

[2] Although neither party addressed the Rooker-Feldman doctrine, the court's expressed concern about the lack of subject matter jurisdiction was the basis for the show cause order, and, lack of subject matter jurisdiction may be raised at any time, sua sponte, by the court. See, e.g., Moccio v. New York State Office of Court Administration, 95 F.3d 195, 198 (2d Cir. 1996). The court also put plaintiff's counsel on specific notice that the Rooker-Feldman doctrine seriously undermined his "likelihood of success on the merits" when it denied his motion for a temporary restraining order. See Order on document no. 2, dated October 17, 1996.

3

state court's decision.  See Pennzoil Co. v. Texaco, 481 U.S. 1, 25 (1987) (Marshall, J., concurring); Moccio, 95 F.3d at 199-200; Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993), cert. denied, 510 U.S. 1046 (1994); Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).  Thus, the Rooker-Feldman doctrine precludes a party who loses in state court from dressing his claims in federal clothing in order to gain federal review of the disappointing state result.  Ritter, 992 F.2d at 754.

By way of background, Edwards states in his complaint[3] that since 1973 he has leased "tie-down" space at the Manchester Airport for his two airplanes.  His planes were allegedly damaged in 1987 by sand and other material blown about by jet or propeller wash.  The damage was allegedly serious enough to render his aircraft inoperable.  Defendants later began reconstructing the airport and eliminated the general aviation ramp space where plaintiff's tie-downs were located.  Accordingly all tie-down leases, including plaintiff's were terminated, subject to renewal under different terms and conditions.  Plaintiff refused to move his aircraft and did not execute a new

---

[3]    Edwards's claims are reviewed in the context of a motion to dismiss, requiring the court to take all well-pleaded facts in the complaint as true and to draw reasonable inferences in favor of the plaintiff, but the court need not credit "bald assertions" or legal conclusions.  Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).

4

lease. Since 1991, after the dispute over the lease situation arose, defendants restricted Edwards's access to his planes, only permitting him access for the purpose of removing them from the airport. Edwards brought suit in state superior court against these same defendants, asserting claims based on breach of a bailment contract and tortious conversion, and he sought an injunction to keep the defendants from moving or harming his aircraft. The superior court dismissed his suit on June 29, 1995, on grounds that he failed to state a claim in contract or bailment and that his remaining tort claims were barred by § 422:17. Edwards appealed to the New Hampshire Supreme Court, in part on grounds that § 422:17 was unconstitutional.[4] The New Hampshire Supreme Court summarily affirmed the trial court's decision. The defendants then brought an eviction proceeding in state district court in order to remove plaintiff's aircraft from Manchester Airport property.

Edwards asserted many of the claims that he has brought here as counterclaims in the state eviction proceeding, but at some point decided to take a voluntary nonsuit rather than continue to challenge § 422:17 in that court. The defendants subsequently obtained a writ of possession for the tie-down space(s) occupied

---

[4] Although it is not clear, it seems that Edwards challenged § 422:17 on state rather than federal constitutional grounds.

by Edwards's aircraft and moved them to a different location on the airport, giving notice to Edwards to retrieve the aircraft and remove them from the airport.

In this court, Edwards seems to challenge the facial constitutionality of § 422a:17, as well as its previous application to block his claims against defendants in the state court. Thus, plaintiff's federal claims are not-so-cleverly disguised collateral attacks on the prior adverse state court decisions. The appropriate course for plaintiff would have been to appeal the New Hampshire Supreme Court's ruling to the United States Supreme Court, or to raise and pursue his challenges to § 422:17 in the state district court eviction proceeding, and, if unsuccessful, appeal his case through the state court system. As his federal claims amount to little more than a repackaging of his earlier adjudicated state claims, they are barred by the Rooker-Feldman doctrine.

Rooker-Feldman does not preclude a party, in a proper case, from challenging the facial constitutionality of a state statute in federal court, when the court can determine constitutionality without reference to any underlying state proceedings. See Schneider v. Colegio de Abogados de Puerto Rico, 917 F.2d 620, 628 (1st Cir. 1990), cert. denied, 502 U.S. 1026 (1992); Razatos v. Colorado Supreme Court, 746 F.2d 1429, 1433 (10th Cir. 1984),

6

cert. denied, 471 U.S. 1016 (1985). To the extent plaintiff's federal claims might be construed to focus exclusively on the facial validity of § 422:17, without reference to the state proceedings involving Edwards and these defendants, however, his claims are barred by the doctrine of res judicata, as he could easily have raised his federal constitutional challenge in state court. See Leaf v. Supreme Court of State of Wis., 979 F.2d 589, 600-01 (7th Cir. 1992), cert. denied, 508 U.S. 941 (1993); see also In re Alfred P., 126 N.H. 628, 629 (1985) ("The doctrine of res judicata precludes the litigation in a later case of matters actually litigated, and matters that could have been litigated, in an earlier action between the same parties for the same cause of action.") There is no doubt that plaintiff's cause of action in state court was the same as it is here, as the same factual circumstances formed the basis for both actions.[5] See ERG, Inc. v. Barnes, 137 N.H. 186, 191 (1993) ("The term 'cause of action' embraces all theories on which relief could be claimed arising out of the same factual transaction."); Eastern Marine Const. Corp. v. First Southern Leasing, 129 N.H. 270, 275 (1987) (when

---

[5] The federal court applies New Hampshire law to determine the preclusive effect of a New Hampshire state court judgment. 28 U.S.C.A. § 1738; New Hampshire Motor Transport Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995), cert. denied, 116 S.Ct. 1352 (1996).

7

plaintiff relies on same factual transaction in a subsequent suit, res judicata bars the second action "even though the plaintiff is prepared in the second action (1) to present evidence or grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first action.") (quotation omitted).

Plaintiff's federal claims are hereby dismissed. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, which are also dismissed, but without prejudice. 28 U.S.C.A. § 1367(c)(3). The clerk shall close this case.

## CONCLUSION

For the reasons stated herein, the defendants' motion to dismiss (document no. 7) is granted. The case is dismissed, and judgment shall be entered accordingly.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

December 17, 1996

cc:  Gordon R. Blakeney, Jr., Esq.
     Kevin M. St. Onge, Esq.