Coos
No. 95-053

PUTNAM LUMBER COMPANY, INC.

v.

EDDIE NASH & SONS, INC.

March 17, 1997

*Fulton & Blickensderfer, P.A.*, of Eliot, Maine (*David K. Fulton* on the brief and orally), for the plaintiff.

*Waystack & King*, of Colebrook, and *Elizabeth Cazden*, of Manchester (*David D. King* and *Elizabeth Cazden* on the brief, and *Ms. Cazden* orally), for the defendant.

## MEMORANDUM OPINION

PER CURIAM. The defendant, Eddie Nash & Sons, Inc., appeals the decision of the Superior Court (*Lynn*, J.) granting judgment for the plaintiff, Putnam Lumber Company, Inc., on the ground that collateral estoppel barred further consideration of a contract for the purchase and sale of a logging skidder between the parties. We reverse and remand.

In December 1990, the plaintiff agreed to purchase a skidder from the defendant for $24,000, which included a trade-in worth $10,000, plus $14,000. The skidder was delivered to the plaintiff shortly thereafter. In February 1991, the defendant picked up the trade-in from the plaintiff. The $14,000 balance was never paid by the plaintiff, and in September 1991, the plaintiff complained in writing to the defendant that the skidder was a 1981 model instead of a 1986 model, as represented. The plaintiff also claimed that the skidder was not in good condition and required extensive repairs.

The defendant took no action relative to the contract until early 1994, when it took possession of the skidder and filed a collection action in the Colebrook District Court seeking to recover the $14,000 which the plaintiff never paid. The plaintiff: (1) moved to dismiss the defendant's case pursuant to RSA 508:4 (Supp. 1996), claiming the three-year statute of limitations had run; (2) requested that the case be transferred to Coos County Superior Court for a

jury trial; and (3) filed a counterclaim for damages alleging several causes of action. The District Court (*Desjardins*, J.) found that a contract existed between the parties no later than December 24, 1990, and granted the plaintiff's motion to dismiss on the ground that the defendant's suit was barred by the statute of limitations. It also transferred "all remaining issues and claims of the parties" to the superior court.

The plaintiff then filed a petition in superior court for injunctive and declaratory relief seeking, among other things, the return of the skidder. The superior court ruled without an evidentiary hearing that, based upon the application of the doctrine of collateral estoppel to the district court's findings, the skidder belonged to the plaintiff.

On appeal, we need address only one of the defendant's arguments: that the superior court erred in applying the doctrine of collateral estoppel. We agree.

"Collateral estoppel precludes the relitigation by a party in a later action of any matter actually litigated in a prior action in which he or someone in privity with him was a party." *In re Alfred P.*, 126 N.H. 628, 629, 495 A.2d 1264, 1265 (1985).

> Three basic conditions must . . . be satisfied before collateral estoppel will arise: the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action, or have been in privity with someone who did so.

*Daigle v. City of Portsmouth*, 129 N.H. 561, 570, 534 A.2d 689, 693 (1987). Here, the second condition has not been satisfied.

The district court order in question decided some, but not all, of the issues in the proceeding before it. The remaining issues were transferred to the superior court, where they remain pending. Under these circumstances, we conclude that the district court order was an interlocutory, not a final, order. *See Germain v. Germain*, 137 N.H. 82, 84, 623 A.2d 760, 761 (1993). Accordingly, the first action has not yet *finally* resolved any issue on the merits, and collateral estoppel does not apply. *See Petition of Donovan d/b/a Donovan Group Home*, 137 N.H. 78, 81, 623 A.2d 1322, 1324 (1993) (discussing application of doctrine of res judicata).

Because the superior court erroneously relied upon the doctrine of collateral estoppel, we reverse its decision and remand for further proceedings in accordance with this opinion.

*Reversed and remanded.*

All concurred.