**Ellis, et al. v. Quincy Savings Bank   CV-95-107-B    03/25/97**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>**Norma Ellis, et al.**</u>

    **v.**                                                                Civil No.95-107-B

<u>**Quincy Savings Bank, et al.**</u>

<u>**O R D E R**</u>

Plaintiffs Norma and Richard Ellis ("the Ellises") sued defendants Quincy Savings Bank ("Quincy"), Excel Bancorp, Inc. ("Excel"), and Lincoln Trust Company, Inc. ("Lincoln"), for damages related to a mortgage loan transaction executed in 1988. Defendants now move for summary judgment based on the doctrine of res judicata. For the reasons that follow, I grant defendants' motion for summary judgment.

**I.  <u>BACKGROUND</u>**[1]

Norma and Richard Ellis owned residential property in Rochester, New Hampshire. On April 25, 1988, the Ellises executed a note and a mortgage encumbering the property in favor of Resource Financial Group, Inc. Resource assigned the mortgage

---

[1]  Most of the background facts are taken from my prior order of January 8, 1996.

to Lincoln, which later merged with Quincy. Quincy commenced foreclosure proceedings after the Ellises defaulted. Litigation ensued and the foreclosure sale occurred on December 16, 1993.

**A.     The Massachusetts Litigation**

The Ellises commenced a Chapter 13 bankruptcy proceeding in January 1994, and the bankruptcy was converted to a Chapter 7 proceeding on March 25, 1994. On March 30, 1994, the Ellises filed suit against Lincoln, Quincy, and Quincy's parent, Excel, in Massachusetts state court. The defendants removed the case to federal court and the bankruptcy trustee was substituted for the Ellises. The Massachusetts lawsuit alleged seven different causes of action arising from what the Ellises contended were unconscionable terms in the note and mortgage and a pattern of fraudulent conduct by the defendants after the loan proceeds were disbursed. On January 9, 1995, following a motion hearing conducted by Judge Young (D. Mass.), the court granted defendants' motion to dismiss for failure to state a claim and judgment was entered in defendants' favor.

**B.     The Pending New Hampshire Litigation**

The Ellises filed this action on or about January 24, 1995 in Strafford County Superior Court and defendants removed the case to this court. The original complaint alleged two causes of action, including a wrongful foreclosure claim under N.H. Rev.

2

Stat. Ann. § 479:25 (1992).[2]  Defendants filed a motion to
dismiss for failure to state a claim.  The Ellises amended their
complaint in December, 1995, to include seven causes of action,
including the wrongful foreclosure claim.  On January 8, 1996,
treating defendants' motion to dismiss as a motion for summary
judgment, I granted summary judgment only on plaintiffs' wrongful
foreclosure claim, deciding it was barred by the doctrine of res
judicata.

The Ellises' amended complaint alleges that all defendants:
(1) violated the Massachusetts Consumer Protection Act, M.G.L. c.
93A, (2) violated the similar New Hampshire Business Practices
Act, N.H. Rev. Stat. Ann. § 358-A, and (3)intentionally/
negligently inflicted emotional distress on them.  They also
claim that defendant Quincy Savings Bank (1) wrongfully
foreclosed on their property, violating N.H. Rev. Stat. Ann. §
479:25, (2) breached its contract with plaintiffs, and (3) did
not act in good faith, violating section 1-203 of the Uniform
Commercial Code, as adopted by New Hampshire and Massachusetts.
The Ellises' final claim seeks the imposition of a constructive
trust on the foreclosed property.

---

[2]  Another plaintiff in the action, Martin Hodas, filed a
notice of voluntary dismissal pursuant to Fed. R. Civ. P.
41(a)(1)(i) with respect to his claims.

Defendants now move for summary judgment on the remaining claims, arguing that each is barred by res judicata.

## II.  <u>STANDARD OF REVIEW</u>

It is axiomatic that a court does not find facts in ruling on a motion for summary judgment.  Instead, the court construes the evidence in the light most favorable to the non-movant and determines whether the moving party is entitled to judgment as a matter of law.  <u>Olivier v. Digital Equip. Corp.</u>, 846 F.2d 103, 105 (1st Cir. 1988).  Less well understood is the effect that burdens of proof frequently have on the resolution of summary judgment motions.

If the party moving for summary judgment has the burden of proof at trial, the court will grant the motion only if: (1) the moving party initially produces enough supportive evidence to entitle the movant to judgment as a matter of law (i.e., no reasonable jury could find otherwise even when construing the evidence in the light most favorable to the non-movant), and (2) the non-movant fails to produce sufficient responsive evidence to raise a genuine dispute as to any material fact.  <u>Fitzpatrick v. Atlanta</u>, 2 F.3d 1112, 1115-17 (11th Cir. 1993).  In contrast, if the non-movant bears the burden of proof, the court will grant the motion if: (1) the movant alleges that the non-movant lacks

4

sufficient proof to support one or more elements of her case, and (2) the non-movant is unable to produce sufficient responsive evidence to withstand a motion for judgment as a matter of law. Id.; see also, Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991). Thus, the amount and quality of the responsive evidence that the non-movant must produce to successfully resist a motion for summary judgment will depend upon whether the non-movant bears the burden of proof at trial. Fitzpatrick, 2 F.3d at 1115-17. In this case, defendants have the burden of proof as res judicata is an affirmative defense. United States ex rel. Treat Bros. v. Fidelity and Deposit Co., 986 F.2d 1110, 1115 (7th Cir. 1993).

## III. **DISCUSSION**

Defendants have moved for summary judgment on the remaining six claims in the amended complaint, arguing that each of the claims is barred by the doctrine of res judicata. As the First Circuit recognized in United States v. Alky Enterprises, Inc., 969 F.2d 1309, 1311 (1st Cir. 1992):

> There are three essential elements to a claim of *res judicata*: (1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or privies in the two suits.

5

<u>See also</u> Restatement (Second) of Judgments § 19 (1982).

The parties do not disagree concerning the second and third elements. Therefore, I address only the first element in detail.

**A.    Final Judgment on the Merits**

In general, a "[d]ismissal for failure to state a cause of action is a dismissal on the merits." <u>Kerouac v. FDIC</u>, 825 F. Supp. 438, 443 (D.N.H. 1993); <u>see also</u> Fed. R. Civ. P. 41 (b) ("Unless the court in its order for dismissal otherwise specifies, a dismissal . . . operates as an adjudication on the merits."). The defendants argue that Judge Young's dismissal of the claims in the Massachusetts litigation constituted a dismissal on the merits. Therefore, they assert, those causes of action which are the same or proceed from the same set of facts should be barred by res judicata. I agree.

Following my order in January of 1996 dismissing the wrongful foreclosure claim on res judicata, the Ellises moved to reconsider my decision. I denied the motion to reconsider and noted:

> The court's order of dismissal in the Massachusetts litigation was based on 'the court's allowance of the defendant's motion to dismiss.' The docket sheet confirms that the court dismissed the case because it granted defendants' motion to dismiss for failure to state a claim. Since a dismissal for failure to state a claim is judgment on the merits, <u>Federated Department Stores, Inc. v. Moitie</u>, 452 U.S. 394, 399 n.3 (1981), and since the court did not specify that its dismissal

6

was without prejudice, see Fed. R. Civ. P. 41(b), the court's order was a dismissal with prejudice. Plaintiffs were represented by counsel in the Massachusetts action, and if the court in that case erred in dismissing their case with prejudice, they could have caused the error to be corrected in that action.

Following this decision, the Ellises did indeed attempt to correct what, in their view, was an erroneous record in the Massachusetts action. On August 13, 1996, pursuant to Fed. R. Civ. P. 60(a), they filed a motion with Judge Young in Massachusetts for an order correcting a clerical error to reconcile the clerk's entry of judgment with the court's oral order dismissing the case on January 9, 1995. On September 9, 1996, Judge Young denied this motion, finding "[t]here is no clerical error here. The full record before this Court may be brought to the attention of the New Hampshire court. Likewise, it is open to the plaintiffs herein to move to vacate the judgment . . . ."

The Ellises have done nothing to change my opinion that the Massachusetts case was dismissed with prejudice. First, they have not moved to vacate the judgment of the Massachusetts action. Second, while they filed the motion to correct the alleged clerical error, Judge Young's endorsed order denied the Rule 60 motion, and declined plaintiffs' invitation to change the order of dismissal. Third, I disagree with the Ellises' argument

7

that the full transcript unambiguously supports their view that the Massachusetts litigation was dismissed without prejudice. The Court did not state that the order would be without prejudice, and it is clear that Judge Young granted the motion for failure to state a claim. Therefore, I see no evidence in the record which indicates that the Massachusetts action was a dismissal without prejudice, and the first element of the res judicata standard is met.

The Ellises' opposition to the motion for summary judgment does not challenge the remaining elements of res judicata. Because the Ellises are now proceeding pro se, however, I briefly go on to determine whether each cause of action in this action is precluded, since pro se pleadings ordinarily are held to a less stringent standard. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

B.   **Identity of Causes of Action**

The "crucial question in determining whether to apply res judicata. . . is always whether the action brought in the second suit constitutes a different cause of action than that alleged in the first suit." Eastern Maine Constr. Corp. v. First Southern Leasing, Ltd., 129 N.H. 270, 274 (1987). "Cause of action" includes all theories on which relief could be claimed arising out of the same factual transaction. ERG, Inc. v. Barnes, 137

8

N.H. 186, 191 (1993). Even if two actions are based on different legal theories, they will be considered identical for res judicata purposes if the claims in both cases are "founded upon the same transaction, [arise] out of the same nucleus of operative facts, and [seek] redress for essentially the same basic wrong." Kale v. Combined Ins. Co., 924 F.2d 1161, 1166 (1st Cir. 1991). The principles of res judicata bar the Ellises from re-litigating issues which were raised or could have been raised in a previous action. See Brown v. Felson, 442 U.S. 127, 139 n. 10 (1979); Alky, 969 F.2d at 1311; Blevens v. Town of Bow, N.H., 887 F. Supp 38 (D.N.H. 1994); ERG, 137 N.H. at 191; Eastern Maine, 129 N.H. at 274 ("the present trend is to define cause of action collectively to refer to all theories on which relief could be claimed on the basis of the factual transaction in question"); Restatement (Second) of Judgments § 24, cmt. a ("The present trend is to see [what constitutes a] claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff.").

The Ellises' claims in the present case, like their claims in the Massachusetts action, are based on an alleged pattern of misconduct by the defendants in their dealings with the

9

plaintiffs concerning the note and mortgage in the months and years leading up to the 1993 foreclosure. Accordingly, both sets of claims arise from the same nucleus of operative fact and seek redress for the same basic wrong. Four of the six remaining claims in the amended complaint are identical to claims asserted in the Massachusetts complaint dismissed by Judge Young. Count One in the amended complaint and Count Seven in the Massachusetts litigation are both based on the Massachusetts Consumer Protection Act. Count Three in the amended complaint and Count Two in the Massachusetts complaint both assert a claim for intentional and negligent infliction of emotional distress. Count Five in the amended complaint and Count One in the Massachusetts complaint both request a constructive trust on the Rochester property. Finally, Count Seven in the amended complaint and Count Five in the Massachusetts complaint both allege a breach of the duty of good faith and fair dealing under the Uniform Commercial Code. Because there was an adjudication on the merits of those claims in the Massachusetts action, those claims are barred here.

The remaining two claims in this case are also barred by the doctrine of res judicata because they could have been litigated in the previous action. Count Two of the amended complaint asserts a violation of the New Hampshire Business Practices Act,

10

N.H. Rev. Stat. Ann. § 358-A (1995), and Count Six of the Amended Complaint alleged a breach of contract based on common law duties of good faith and fair dealing. While both of these claims are new, they arise out of the same transaction or occurrence as the other claims, and there is no reason why the Ellises could not have raised them in the earlier action.

## C.    Identity of Parties or Privies

My prior order of January 8, 1996 established that the Ellises were in privity with the trustee in bankruptcy when he succeeded them as the plaintiff in the Massachusetts litigation. Because the Ellises do not argue to the contrary, I need not repeat the earlier analysis.

Since all of the elements of res judicata are satisfied for each of the remaining claims, defendants' motion for summary judgment (document no. 49) is granted.[3] The clerk shall enter judgment for the defendants.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

March 25, 1997

_____

[3] Defendants also argue that these claims are barred by res judicata because of a similar claim for equitable relief filed by the Ellises in the Strafford County Superior Court in November 1993. Because I decide that the current claims are barred by the earlier Massachusetts litigation, I need not consider this issue.

11

cc: Norma Ellis, pro se
    Richard Ellis, pro se
    Peter D. Anderson, Esq.