[NOT FOR PUBLICATION]
 United States Court of Appeals
 For the First Circuit
 

No. 97-1258

 MARK L. EDWARDS,
 Plaintiff, Appellant,

 v.
 CITY OF MANCHESTER ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE
 [Hon. Stephen J. McAuliffe, U.S. District Judge]

 
 Before

 Selya, Circuit Judge,
 Gibson, Senior Circuit Judge,

 and Lynch, Circuit Judge.
 
Gordon R. Blakeney, Jr., for appellant.

Kevin M. St.Onge , with whom  Thomas R. Clark , City Solicitor, was on
brief, for appellees.

 

 August 6, 1997
 

Hon. John R. Gibson, of the Eighth Circuit, sitting by designation.

 LYNCH, Circuit Judge. This suit arises out of damage

to plaintiff's two vintage airplanes, which were stored at the

City of Manchester Airport in Londonderry, New Hampshire.

After unsuccessfully bringing tort and breach of contract

claims against the city and others in state court, Mark Edwards

alleged violations of his civil rights in federal district

court. The district court held that the federal suit was in

large part an impermissible attack on a judgment by the state

court and dismissed the complaint. We affirm.

 I.

 Mark Edwards began keeping his airplanes at the

airport in 1973 pursuant to an oral agreement. In 1990, the

airport instituted new licensing, insurance and indemnity

requirements for its tenants. Edwards had his airplanes

inspected for licensing purposes and discovered damage to the

planes, dating from around 1987, caused, he believed, by sand

and other debris blown about by jet and propeller wash. The

damage apparently rendered the airplanes inoperable. Without

repairs, which would cost at least $25,000 for one of the

planes alone, Edwards was unable to comply with the defendants'

new leasing requirements.

 Edwards brought suit in state court seeking

compensatory damages and an injunction preventing the

defendants from moving or further harming the planes. Edwards'

claims were based on theories of breach of bailment contract

 -2- 2

and conversion in tort. The action was dismissed in June 1995.

The state court reasoned that the contract claim failed because

Edwards had not pleaded facts sufficient to allege a bailment

contract, and that the tort claim failed because N.H. Rev.

Stat. Ann. S 422:17 bars on sovereign immunity grounds any tort

action based on "the construction, maintenance, operation,

superintendence or management of any air navigation facility."

The dismissal was summarily affirmed by the Supreme Court of

New Hampshire in December 1995 and April 1996.

 The defendants began eviction proceedings in state

court. Edwards raised several counterclaims, arguing that the

sovereign immunity statute was unconstitutional for numerous

reasons, but later non-suited the counterclaims. The city

prevailed in the eviction proceeding in April 1996 and took

non-exclusive possession of one of the airplanes. The aircraft

has since been stored by the city at its own expense.

Plaintiff now claims that defendants "have undertaken to

dispose [of] the appellant's one aircraft remaining on the

airport grounds without complying with applicable state law

that prescribes a procedure that must be followed for such

actions."

 Plaintiff initiated a federal action in October 1996.

He filed an amended complaint in November 1996, accompanied by

1. The counterclaims of unconstitutionality seemed to be based
on the state rather than the federal constitution.

 -3- 3

a motion for a temporary restraining order and a preliminary

injunction. The amended complaint asserted four causes of

action under 42 U.S.C. S 1983: (1) the state court

interpretation of N.H. Rev. Stat. Ann. S 422:17 violated

plaintiff's rights to procedural and substantive due process of

law in violation of the Fifth and Fourteenth Amendments; (2)

the state court interpretation of N.H. Rev. Stat. Ann. S 422:17

deprived plaintiff of his property without due process of law

in violation of the Fifth and Fourteenth Amendments; (3) N.H.

Rev. Stat. Ann. S 422:17 is facially unconstitutional in that

it deprives individuals of equal protection of law as

guaranteed by the Fifth and Fourteenth Amendments; and (4) the

state court interpretation of N.H. Rev. Stat. Ann. S 422:17

violated the Contracts Clause. The amended complaint also

included supplemental state law causes of action.

 Defendants filed a motion to dismiss. The district

court held a status conference and issued an order directing

plaintiff to show cause why the complaint should not be

dismissed for want of jurisdiction. The court dismissed the

complaint in December 1996, concluding that the federal claims

were barred by the Rooker-Feldman doctrine and res judicata,

2. Although the district court apprised counsel of its
interest in the relationship of the  Rooker-Feldman doctrine to
this case, neither party addressed the issue. The court
nevertheless based its decision on that ground. As a
jurisdictional issue, it was within the court's purview to
bring up sua sponte.

 -4- 4

and declining to exercise jurisdiction over the supplemental

state law claims. This appeal followed.

 II.

 The  Rooker-Feldman doctrine prohibits federal courts

other than the Supreme Court from engaging in direct review of

state court decisions. See District  of  Columbia  Court  of

Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v.

Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). A corollary

of the Rooker-Feldman doctrine is that lower federal courts

lack jurisdiction to consider claims inextricably intertwined

with review of state judicial proceedings. This kind of

interrelationship occurs if resolution of the claims in federal

court would amount to federal appellate review of the state

court decision. Lancellotti v.  Fay, 909 F.2d 15, 17 (1st Cir.

1990).

 Here, three of Edwards' federal causes of action are

"as applied" challenges to the constitutionality of N.H. Rev.

Stat. Ann. S 422:17. Edwards argues that the state courts

violated the federal Constitution by refusing to hear his

claims against the defendants. He argues that his claims

concerning the unconstitutionality of the New Hampshire statute

"were only brought . . . after his attempt to litigate in state

court was unsuccessful, due to the application of a state

sovereign immunity statute to him." But "[i]t is well-

established that lower federal courts have no jurisdiction to

 -5- 5

hear appeals from state court decisions, even if the state

judgment is challenged as unconstitutional." Schneider v.

Colegio de Abogados de Puerto Rico , 917 F.2d 620, 628 (1st Cir.

1990).

 As the district court aptly stated, these claims are

a "not-so-cleverly disguised" attack on the decisions of the

state court. Edwards v. City  of  Manchester, No. 96-517-M

(D.N.H. Dec. 17, 1996). As such, under the Rooker-Feldman

doctrine, we lack jurisdiction to consider them.

 Plaintiff's only remaining federal cause of action,

which is based on the Equal Protection Clause, is a facial

constitutional challenge to N.H. Rev. Stat. Ann. S 422:17. The

Rooker-Feldman doctrine does not bar a party from challenging

the constitutionality of a state statute on its face.

Schneider, 917 F.2d at 628. However, this claim is

3. Plaintiff's claim -- that the Rooker-Feldman doctrine
cannot be applied here because "the courts of the State of New
Hampshire never had nor assumed jurisdiction" over his state
court suit -- is without merit. Cf. United  States v. United
Mine Workers of America , 330 U.S. 258, 292 n.57 (1947) (noting
that it cannot "be broadly asserted that a judgment is always
a nullity if jurisdiction . . . is wanting" because "a court
has jurisdiction to determine its own jurisdiction" (internal
quotation marks and citation omitted)).

4. One of these federal claims arguably involves an issue on
which the state court has not passed. Plaintiff's claim that
he has been deprived of property without due process of law is
based in part on his allegation that the defendants are
planning to sell his one airplane remaining at the airport
without following the proper state procedures. Edwards could
have raised his concerns about the disposition of his airplane
at the eviction proceedings, and thus the claim is barred by
res judicata principles.

 -6- 6

nevertheless barred by the doctrine of res judicata. Res

judicata precludes later litigation of matters that could have

been litigated (as well as those that actually were litigated)

in an earlier action between the same parties for the same

cause of action. In  re  Alfred  P., 495 A.2d 1264, 1265 (N.H.

1985); see  also ERG,  Inc. v. Barnes, 624 A.2d 555, 558 (N.H.

1993) (defining "cause of action" as "embrac[ing] all theories

on which relief could be claimed arising out of the same

factual transaction"). Here, plaintiff could have raised his

equal protection challenge to the statute during the state

court proceedings. The claim is, in any event, without merit,

as it is rational for a state to grant sovereign immunity in

the form of the New Hampshire statute.

 Affirmed.

5. A federal court applies state law to determine the
preclusive effect of a state court decision. 28 U.S.C. S 1738;
New  Hampshire  Motor  Transport  Ass'n v. Town  of  Plaistow, 67
F.3d 326, 328 (1st Cir. 1995).

 -7- 7