USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1258 MARK L. EDWARDS, Plaintiff, Appellant, v. CITY OF MANCHESTER ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Stephen J. McAuliffe, U.S. District Judge] ____________________ Before Selya, Circuit Judge, Gibson, Senior Circuit Judge, and Lynch, Circuit Judge. ____________________ Gordon R. Blakeney, Jr., for appellant. Kevin M. St.Onge , with whom  Thomas R. Clark , City Solicitor, was on brief, for appellees. ____________________ August 6, 1997 ____________________  Hon. John R. Gibson, of the Eighth Circuit, sitting by designation. LYNCH, Circuit Judge. This suit arises out of damage to plaintiff's two vintage airplanes, which were stored at the City of Manchester Airport in Londonderry, New Hampshire. After unsuccessfully bringing tort and breach of contract claims against the city and others in state court, Mark Edwards alleged violations of his civil rights in federal district court. The district court held that the federal suit was in large part an impermissible attack on a judgment by the state court and dismissed the complaint. We affirm. I. Mark Edwards began keeping his airplanes at the airport in 1973 pursuant to an oral agreement. In 1990, the airport instituted new licensing, insurance and indemnity requirements for its tenants. Edwards had his airplanes inspected for licensing purposes and discovered damage to the planes, dating from around 1987, caused, he believed, by sand and other debris blown about by jet and propeller wash. The damage apparently rendered the airplanes inoperable. Without repairs, which would cost at least $25,000 for one of the planes alone, Edwards was unable to comply with the defendants' new leasing requirements. Edwards brought suit in state court seeking compensatory damages and an injunction preventing the defendants from moving or further harming the planes. Edwards' claims were based on theories of breach of bailment contract -2- 2 and conversion in tort. The action was dismissed in June 1995. The state court reasoned that the contract claim failed because Edwards had not pleaded facts sufficient to allege a bailment contract, and that the tort claim failed because N.H. Rev. Stat. Ann. S 422:17 bars on sovereign immunity grounds any tort action based on "the construction, maintenance, operation, superintendence or management of any air navigation facility." The dismissal was summarily affirmed by the Supreme Court of New Hampshire in December 1995 and April 1996. The defendants began eviction proceedings in state court. Edwards raised several counterclaims, arguing that the sovereign immunity statute was unconstitutional for numerous reasons, but later non-suited the counterclaims. The city prevailed in the eviction proceeding in April 1996 and took non-exclusive possession of one of the airplanes. The aircraft has since been stored by the city at its own expense. Plaintiff now claims that defendants "have undertaken to dispose [of] the appellant's one aircraft remaining on the airport grounds without complying with applicable state law that prescribes a procedure that must be followed for such actions." Plaintiff initiated a federal action in October 1996. He filed an amended complaint in November 1996, accompanied by  1. The counterclaims of unconstitutionality seemed to be based on the state rather than the federal constitution. -3- 3 a motion for a temporary restraining order and a preliminary injunction. The amended complaint asserted four causes of action under 42 U.S.C. S 1983: (1) the state court interpretation of N.H. Rev. Stat. Ann. S 422:17 violated plaintiff's rights to procedural and substantive due process of law in violation of the Fifth and Fourteenth Amendments; (2) the state court interpretation of N.H. Rev. Stat. Ann. S 422:17 deprived plaintiff of his property without due process of law in violation of the Fifth and Fourteenth Amendments; (3) N.H. Rev. Stat. Ann. S 422:17 is facially unconstitutional in that it deprives individuals of equal protection of law as guaranteed by the Fifth and Fourteenth Amendments; and (4) the state court interpretation of N.H. Rev. Stat. Ann. S 422:17 violated the Contracts Clause. The amended complaint also included supplemental state law causes of action. Defendants filed a motion to dismiss. The district court held a status conference and issued an order directing plaintiff to show cause why the complaint should not be dismissed for want of jurisdiction. The court dismissed the complaint in December 1996, concluding that the federal claims were barred by the Rooker-Feldman doctrine and res judicata,  2. Although the district court apprised counsel of its interest in the relationship of the  Rooker-Feldman doctrine to this case, neither party addressed the issue. The court nevertheless based its decision on that ground. As a jurisdictional issue, it was within the court's purview to bring up sua sponte. -4- 4 and declining to exercise jurisdiction over the supplemental state law claims. This appeal followed. II. The  Rooker-Feldman doctrine prohibits federal courts other than the Supreme Court from engaging in direct review of state court decisions. See District  of  Columbia  Court  of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). A corollary of the Rooker-Feldman doctrine is that lower federal courts lack jurisdiction to consider claims inextricably intertwined with review of state judicial proceedings. This kind of interrelationship occurs if resolution of the claims in federal court would amount to federal appellate review of the state court decision. Lancellotti v.  Fay, 909 F.2d 15, 17 (1st Cir. 1990). Here, three of Edwards' federal causes of action are "as applied" challenges to the constitutionality of N.H. Rev. Stat. Ann. S 422:17. Edwards argues that the state courts violated the federal Constitution by refusing to hear his claims against the defendants. He argues that his claims concerning the unconstitutionality of the New Hampshire statute "were only brought . . . after his attempt to litigate in state court was unsuccessful, due to the application of a state sovereign immunity statute to him." But "[i]t is well- established that lower federal courts have no jurisdiction to -5- 5 hear appeals from state court decisions, even if the state judgment is challenged as unconstitutional." Schneider v. Colegio de Abogados de Puerto Rico , 917 F.2d 620, 628 (1st Cir. 1990). As the district court aptly stated, these claims are a "not-so-cleverly disguised" attack on the decisions of the state court. Edwards v. City  of  Manchester, No. 96-517-M (D.N.H. Dec. 17, 1996). As such, under the Rooker-Feldman doctrine, we lack jurisdiction to consider them. Plaintiff's only remaining federal cause of action, which is based on the Equal Protection Clause, is a facial constitutional challenge to N.H. Rev. Stat. Ann. S 422:17. The Rooker-Feldman doctrine does not bar a party from challenging the constitutionality of a state statute on its face. Schneider, 917 F.2d at 628. However, this claim is  3. Plaintiff's claim -- that the Rooker-Feldman doctrine cannot be applied here because "the courts of the State of New Hampshire never had nor assumed jurisdiction" over his state court suit -- is without merit. Cf. United  States v. United Mine Workers of America , 330 U.S. 258, 292 n.57 (1947) (noting that it cannot "be broadly asserted that a judgment is always a nullity if jurisdiction . . . is wanting" because "a court has jurisdiction to determine its own jurisdiction" (internal quotation marks and citation omitted)). 4. One of these federal claims arguably involves an issue on which the state court has not passed. Plaintiff's claim that he has been deprived of property without due process of law is based in part on his allegation that the defendants are planning to sell his one airplane remaining at the airport without following the proper state procedures. Edwards could have raised his concerns about the disposition of his airplane at the eviction proceedings, and thus the claim is barred by res judicata principles. -6- 6 nevertheless barred by the doctrine of res judicata. Res judicata precludes later litigation of matters that could have been litigated (as well as those that actually were litigated) in an earlier action between the same parties for the same cause of action. In  re  Alfred  P., 495 A.2d 1264, 1265 (N.H. 1985); see  also ERG,  Inc. v. Barnes, 624 A.2d 555, 558 (N.H. 1993) (defining "cause of action" as "embrac[ing] all theories on which relief could be claimed arising out of the same factual transaction"). Here, plaintiff could have raised his equal protection challenge to the statute during the state court proceedings. The claim is, in any event, without merit, as it is rational for a state to grant sovereign immunity in the form of the New Hampshire statute. Affirmed.  5. A federal court applies state law to determine the preclusive effect of a state court decision. 28 U.S.C. S 1738; New  Hampshire  Motor  Transport  Ass'n v. Town  of  Plaistow, 67 F.3d 326, 328 (1st Cir. 1995). -7- 7